# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FNMA")
a.k.a., FANNIE MAE, a government sponsored enterprise (GSE);

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

W1 HOLDINGS, a limited liability company; CHEYANNE
ROBINSON, a bonafide tenant and individual

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
03/28/2022 at 12:00:00 AM
By: Olivia C Lucatuorto
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Howard G Gibson Courthouse<br><br>California Superior Court Civil Division, County of Placer at:<br>10820 Justice Center Dr, Roseville, CA 95677 | CASE NUMBER:<br>*(Número del Caso):*<br>S-CV-0048210 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Lyle D. Solomon, Esq., PO Box 1411 Rocklin, CA 95678 | 916-532-2726

| DATE:<br>*(Fecha)* 03/28/2022 | Clerk, by<br>*(Secretario)* Olivia C Lucatuorto | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| W1 Holdings v Fannie Mae, Et al | S-CV-0048210 |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff     ☑ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

RUSHMORE LOAN MANAGEMENT SERVICES, LLC, a limited liability company; CLEAR RECON CORP, an unknown entity and trustee; SERVICE LINK, a unknown title company entity; GAYMOND LEE REALTY; a unknown unlicensed entity with Cal BRE; MR. GAYMOND BOB LEE, a California Broker and individual; MR. IGNACIO MORALES, a California Broker and individual; and DOES 1 through 25 defendants, and all persons claiming legal or equitable right, title estate, lien, or interest in the real property described in the Complaint adverse to the Plaintiff's title/interest thereto, named herein as DOES 26 through 50, inclusive, Defendants.

Page _____ of _____

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>LYLE D. SOLOMON, ESQ. SBN<br>PO Box 1411<br>Rocklin, CA 95677<br>TELEPHONE NO: 916-532-2726   FAX NO.:<br>ATTORNEY FOR *(Name):* W1 Holdings & Cheyanne Robinson | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Placer<br>**03/17/2022 at 03:54:23 PM**<br>By: Kathleen Pearson<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Placer
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS: "
CITY AND ZIP CODE: Roseville, CA 95678
BRANCH NAME: Howard G Gibson Courthouse

CASE NAME:
W1 Holdings v Fannie Mae, Et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | S-CV-0048210 |
| | | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☑ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties            d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel       e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                   in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence                f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Twenty Causes of Action are being alleged.
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 3/17/22

Lyle D. Solomon
_____
(TYPE OR PRINT NAME)                                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case (non-tort/non-complex)
    Other Civil Complaint
      (non-tort/non-complex)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

1  Lyle D. Solomon, SBN. 226025
   P.O. Box 1411
2  Rocklin, CA 95677
   Phone 916-532-2726
3

4  Attorney for Plaintiffs W1 Holdings and Cheyanne Robinson

5

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
**03/17/2022 at 03:54:23 PM**
By: Kathleen Pearson
Deputy Clerk

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                          COUNTY OF PLACER

9

| | |
|---|---|
| 10  W1 HOLDINGS, a limited liability company; CHEYANNE ROBINSON, a bonafide tenant and individual | Case No.:  S-CV-0048210 |
| 11 | **COMPLAINT FOR:** |
| 12        Plaintiffs, vs. | 1.  **QUIET TITLE;** <br> 2.  **ACCOUNTING;** |

13  FEDERAL NATIONAL MORTGAGE
    ASSOCIATION ("FNMA") a.k.a.,
14  FANNIE MAE, a government sponsored
    enterprise (GSE); RUSHMORE LOAN
15  MANAGEMENT SERVICES, LLC, a
    limited liability company; CLEAR
16  RECON CORP, an unknown entity and
    trustee; SERVICE LINK, a unknown
17  title company entity; GAYMOND LEE
    REALTY; a unknown unlicensed entity
18  with Cal BRE; MR. GAYMOND BOB
    LEE, a California Broker and individual;
19  MR. IGNACIO MORALES, a California
    Broker and individual; and DOES 1
20  through 25 defendants, and all persons
    claiming legal or equitable right, title
21  estate, lien, or interest in the real
    property described in the Complaint
22  adverse to the Plaintiff's title/interest
    thereto, named herein as DOES 26
23  through 50, inclusive,

24        Defendants.

3.  **VIOLATION OF CAL. CIV. CODE SECTION 2923;**
4.  **VIOLATION OF U.S.C. SECTION 1639;**
5.  **WRONGFUL FORECLOSURE;**
6   **ABUSE OF PROCESS;**
7.  **VIOLATION OF PROTECTING TENANTS AT FORECLOSURE ACT;**
8.  **FRAUD [Count 1];**
9.  **FRAUD [Count 2];**
10.  **BREACH OF CONTRACT;**
11.  **NEGLIGENCE;**
12.  **BREACH OF GOOD FAITH AND FAIR DEALINGS;**
13.  **UNJUST ENRICHMENT;**
14.  **VIOLATION OF B&P CODE § 17200;**
15.  **VIOLATION OF B&P CODE § 17500;**
16.  **DECLARATORY RELIEF;**
17.  **INJUNCTIVE RELIEF;**
18.  **GOOD FAITH IMPROVER LIEN (Per CCP § 871.1 Et Seq);**
19.  **IMPOSITION OF EQUITABLE LIEN; and,**
20.  **JUDICIAL FORECLOSURE OF EQUITABLE LIEN.**

**DEMAND FOR JURY TRIAL**

25

26

27

28

# COMPLAINT

## TABLE OF CONTENTS

### W1 Holdings v Fannie Mae, Et al

1. Parties..................................................................................................Pg. 3

2. Description of Real Property..................................................................Pg. 5

3. Venue...............................................................................................,......Pg. 5

4. Repondeat Superior..........................................................................,.......Pg. 6

5. Intro and background.......................................................................,..Pg. 6

6. First Cause of Action: Quiet Title........................................................Pg. 10

    A.    Defendants Failure and Refusal to Provide a Payoff Amount.........................Pg. 12

    B.    Plaintiff W1 Challenges Defendant FNMA Purported Ownership.................Pg. 12

    C.    Plaintiff Ownership Interest Prior to Defendants Foreclosure.........................Pg. 12

    D.    Plaintiff W1 Challenges Defendant FNMA Foreclosure................................Pg. 13

7. Second Cause of Action: Accounting....................................................Pg. 14

8. Third Cause of Action: Violation of Cal. Civ Code Section 2923.................................Pg. 15

9. Fourth Cause of Action: Violation ogf U.S.C. Section 1639........................................Pg. 16

10. Fifth Cause of Action: Wrongful Foreclosure.......................................Pg. 17

11. Sixth Cause of Action: Abuse of Process..............................................Pg. 19

12. Seventh Cause of Action: Violation of Protecting Tenants at Foreclosure Act............Pg. 20

    A.    A Contractual Relationship Under PTFA and HBOR has Been Born..............Pg. 20

    B.    The chronological order of events..................................................Pg. 22

    C.    Defendant FNMA has Failed to Invalidate the Lease........................Pg. 22

    D.    Notice of the Lease.......................................................................Pg. 23

13. Eighth Cause of Action: Fraud [Count 1] (Plaintiff W1).........................Pg. 25

14. Ninth Cause of Action: Fraud [Count 2] (Plaintiff Robinson)....................Pg. 27

15. Tenth Cause of Action: Breach of Contact............................................Pg. 29

16. Eleventh Cause of Action: Negligence..................................................Pg. 31

1 | 17.   Twelfth Cause of Action: Breach of GFFD...................................................................Pg. 32

2 | 18.   Thirteenth Cause of Action: Unjust Enrichment..........................................................Pg. 34

3 | 19.   Fourteenth Cause of Action: Violation of B&P 17200.................................................Pg. 35

4 | 20.   Fifteenth Cause of Action: Violation of B&P 17500....................................................Pg. 36

5 | 21.   Sixteenth Cause of Action: Declaratory Relief.............................................................Pg. 37

6 | 22.   Seventeenth Cause of Action: Injunctive Relief..........................................................Pg. 38

7 | 23.   Eighteenth Cause of Action: Good Faith Improver Lien (Per CCP § 871.1 Et Seq)....Pg. 38

8 | 24.   Nineteenth Cause of Action: Imposition of Equitable Lien..........................................Pg. 39

9 | 25.   Twentieth Cause of Action: Judicial Foreclosure of Equitable Lien............................Pg. 40

10 | 26.   Prayer For Relief............................................................................................................Pg. 41

11 | 27.   Verification.....................................................................................................................Pg. 42

12

13

14

15

16

17

**\*\*The Remainder of This Page is Purposely Left Blank\*\***

18

19

20

21

22

23

24

25

26

27

28

W1 Holdings v Fannie Mae, Et al | Complaint

1    Come now plaintiffs, W1 HOLDINGS, and CHEYANNE ROBINSON, and complaint

2  against FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FNMA") a.k.a., FANNIE

3  MAE, a government sponsored enterprise (GSE); RUSHMORE LOAN MANAGEMENT

4  SERVICES, LLC, a limited liability company; CLEAR RECON CORP, an unknown entity and

5  trustee; SERVICE LINK, a unknown title company entity; GAYMOND LEE REALTY; a

6  unknown unlicensed entity with Cal BRE; MR. GAYMOND BOB LEE, a California Broker and

7  individual; MR. IGNACIO MORALES, a California Broker and individual; and DOES 1 through

8  25 defendants, and all persons claiming legal or equitable right, title estate, lien, or interest in the

9  real property described in the Complaint adverse to the Plaintiff's title/interest thereto, named

10  herein as DOES 26 through 50, inclusive, defendants.

11                                      I.

12                                  **PARTIES**

13  1.    Plaintiff W1 Holdings, ("W1") is a Limited Liability Company conducting its business in

14  the state of California, including the county of Placer and is a party in interest of real property that

15  is the subject of this lawsuit.

16  2.    Plaintiff Cheyanne Robinson, ("Robinson") an individual, resident of Placer County,

17  bonafide tenant, and party in interest of real property that is the subject of this lawsuit.

18  3.    Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FNMA") a.k.a.,

19  FANNIE MAE, a government sponsored enterprise (GSE) authorized to do business, and is doing

20  business in the state of California and is a party in interest of real property that is the subject of

21  this lawsuit.

22  4.    Defendant RUSHMORE LOAN MANAGEMENT SERVICES, LLC, a limited liability

23  company ("Rushmore") authorized to do business, and is doing business in the state of California

24  and is a party in interest of real property that is the subject of this lawsuit.

25  5.    Defendant CLEAR RECON CORP, an unknown entity and trustee, doing business in the

26  state of California and is a party in interest of real property that is the subject of this lawsuit.

27  ///

28  ///

---

W1 Holdings v Fannie Mae, Et al | Complaint

6.      Defendant SERVICE LINK, a unknown title company entity authorized to do business, and is doing business in the state of California and is a party in interest of real property that is the subject of this lawsuit.

7.      Defendant GAYMOND LEE REALTY; a unlicensed entity with Cal BRE unlawfully doing business in the state of California and is a party in interest of real property that is the subject of this lawsuit.

8.      Defendant GAYMOND BOB LEE ("Defendant Lee") a Licensed Broker (License NO: 01392456 (Suspended Indefinitely 10/07/19) doing business in the state of California and is a party in interest of real property that is the subject of this lawsuit.

9.      Defendant IGNACIO MORALES ("Defendant Morales") is a Licensed Broker (License NO: 01206644 doing business in the state of California and is a party in interest of real property that is the subject of this lawsuit.

10.     The true names and capacities of the defendants named herein as DOES 1 through 25 inclusive, whether individual, corporate, associate or otherwise, are unknown to plaintiff who therefore sue such defendants by fictitious names pursuant to California Code of Civil Procedure Section 474.

11.     The named individual defendants and defendants DOES 26 through 50 have committed abuse of process; breached their duty, neglecting the Subject Property, in violation of local ordinances and state  law and other wrongful acts as alleged hereafter in the Complaint. In order to preserve the Subject Property in the interest of the community and to prevent waste, dissipation and loss of equity and irreparable damage of Plaintiff, it is necessary that the requested injunctive relief herein prayed for be granted.

12.     Plaintiffs allege all known and unknown defendants, corporate and public defendants and their parents, subsidiaries, their successors in interest, and their employees and/or agents acted on behalf of, and for the benefit of, at the direction of, and under the control of, each and every defendant, known or unknown, and their agents, and/or employees, and each of them.

///

///

1  13.    Plaintiffs are informed and believe and on that basis allege that at all times herein

2  mentioned, each of the known and unknown defendants herein was the agent, servant, and

3  employee of each of the other defendants herein, and was acting within the scope of such agency

4  and employment, representation, or alter ego relationship and each defendant has ratified,

5  approved, agreed, or assented to be bound by the obligations, representations and acts of its

6  agents, representatives, brokers, or alter egos.

7                                              **II.**

8                          **DESCRIPTION OF REAL PROPERTY**

9  14.    The address of the property is commonly known as 620 Schroeder Lane, Colfax, CA

10  95817. APN is 100-070-004-000. Legal Description 2 A FR SEC 34 15 9. ("Property")

11                                            **III.**

12                                          **VENUE**

13  15.    W1 and its related businesses have maintained an office and mailing address downtown

14  Sacramento for many years. The Lease was originated and drafted at the office of W1. The terms

15  and conditions of the Lease were discussed, negotiated in Placer County. The W1 agent entered

16  into the Lease at the Property. After execution of the Lease, it has been sent to both Defendant

17  FNMA and Defendant FNMA attorney.

18  16.    This lawsuit deals with the quieting of the tile for Property, the Lease and the resulting

19  allegations for violating and refusing to honor the Lease. That Lease governs the tenancy over the

20  Property. Under California law, the Plaintiff must file it's action in the jurisdiction where the

21  contract was originated. The contract originated in the county of Placer. Therefore, Plaintiff seeks

22  enforcement of the Lease within the jurisdiction where the Lease was born, Roseville.

23  17.    This jurisdiction and this Court is the proper venue to hear this action. Plaintiff seeks

24  enforcement of the Lease and those protections afforded Plaintiff under the Lease and asks this

25  Court to do justice.

26  ///

27  ///

28  ///

W1 Holdings v Fannie Mae, Et al | Complaint

**IV.**

**RESPONDEAT SUPERIOR**

18.     It is well established law that an employer may be held vicariously liable for the actions of employees if they have not taken all reasonable steps to prevent libelous conduct and actions.[1] "Let the master answer." Here not only did Defendants, and each of them forego any reasonable steps to prevent the conduct that breached the Lease– they were the actual and proximate cause of the illegal conduct. Defendants did not act as reasonable persons would act. In accordance the doctrine of respondeat superior defendants' business/es can be and should be held vicariously liable for their actions of their agents and/or employees.

19.     Plaintiffs believe and thereon allege that the Defendants, and each of them were acting in the course and scope of employment of one if not all of their businesses in their executive and/or managerial employment status. Plaintiffs believe and thereon allege that defendants' conduct in the instant matter before this Court mirrors that of other prior bad acts and nefarious conduct in the related cases involving their unwillingness to honor the Lease.[2]  The doctrine of respondeat superior applies.

**V.**

**INTRODUCTION & BACKGROUND**

20.     Plaintiff W1 Holdings is a real property acquisition company and party in interest to the Subject Property.

21.     Plaintiff Cheyanne Robinson is a mother of two (2) small children and the tenant in the property known as 620 Schroeder Lane, Colfax CA having entered into a long-term lease with W1 Holdings on November 16, 2020.

---

[1]     The Supreme Court has articulated three reasons for applying the doctrine of respondeat superior: "(1) to prevent recurrence of the tortious conduct; (2) to give greater assurance of compensation for the victim; and (3) to ensure that the victim's losses will be equitably borne by those who benefit from the enterprise that gave rise to the injury." (See, *Mary M v. City of Los Angeles.*, (1991) 54 Cal.3d 202, at p. 209.)

[2]     "Respondeat superior is based on a 'deeply rooted sentiment' that it would be unjust for an enterprise to disclaim responsibility for injuries occurring in the course of its characteristic activities." (*Mary M. Supra* 208; 285 Cal.Rptr. 99, 814 P.2d 1341], internal citation omitted.)

---

22.     On or about January 2, 2014, Mr. Dustin and Mrs. Katherine Wise ("Wises") purchased the Subject Property. Several years later the couple would separate. The Subject Property was placed for sale in 2019.

23.     On or about August 3, 2019, an initial site inspection was conducted Plaintiff W1 personnel. The Subject Property was heavily blighted and in danger of condemnation.[3]

24.     On or about August 9, 2019, Plaintiff W1 conducted a more extensive examination of the Subject Property.[4]

25.     On or about August 20, 2019, Plaintiff W1's agent contacted the Broker handling the listing and Plaintiff W1 made an offer to purchase the Subject Property. The offer was predicated upon(1) the condition of the Subject Property and (2) it's true number of bedrooms and bathrooms. The Wises "Outstanding Principal" per Defendant Rushmore's mortgage statement was $374,499.90. Plaintiff W1 offered $330,000 cash - no loan contingency. The Wises accepted Plaintiff W1's offer, agreements were drafted then escrow was opened.

26.     When the purchase transaction for the Subject Property was placed into escrow - Payoff Demands were made by escrow. The Payoff Request fell upon blind eyes and deaf ears. The purchase transaction could not be closed without a payoff amount. Defendant Rushmore was the purported loan service company at the time and failed or refused to provide a payoff.

27.     The Subject Property sat in escrow for several months while escrow attempted to procure a payoff amount. Escrow had to be closed due to the lenders unwillingness to provide any party with a payoff demand.

///

---

[3] There was approximately 80 yards of trash and debris left at the Property. Hundreds of nails were thrown throughout the gravel driveway. There was massive vegetation overgrowth throughout the Property. Windows and doors had been kicked-in or broken. Moreover there was a unforgiving stench inside the Property. Plaintiff W1 and listing broker agent determined that the Property was improperly labeled as a four bedroom, three bath property. The Property is actually a two bedroom, two bath single family.

[4] At that time the Property was being squatted by homeless people. The Property had septic "black water" back-up into the house due to a broken septic line. The Property is also riddled with code violations (including structural foundation issues). Plaintiff W1 took video footage of its findings. The Property had been unoccupied (besides the homeless squatters) and became heavily distressed.

---

28.     On or about February 18, 2020, Plaintiff W1 purchased the Subject Property outside escrow. Plaintiff W1 took Grant Deeds from both Mr and Mrs Wise. Plaintiff W1 in exchange for its consideration received the following acknowledged documents: (i) Grant Deeds from both Mr and Mrs Wise, (See Exhibits: A, B)); (ii) Limited Powers of Attorney, ("LPOA") from both Mr and Mrs Wise. (The LPOA are limited in scope as to the Subject Property (See Exhibits: C, D); ; and, (iii) An Assumption Agreement.

29.     On or about March 1, 2020, clean-up efforts and repairs started at the Subject Property. Plaintiff gave constructive notice to Defendant Rushmore of its legal interest in the Subject Property. And, once again, a payoff Demand Request was delivered to Defendant Rushmore. And, once again, Plaintiff W1 request for a payoff amount fell upon blind eyes and deaf ears.

30.     Plaintiff W1 repairs continued at the Subject Property and then the Subject Property was offered as a rental. It was rented to the current Plaintiff Robinson.

31.     On or about April 1, 2020, an initial six-month lease between Plaintiff W1 and Plaintiff Robinson was entered into.

32.     On or about April 1, 2020, Plaintiff W1 asked that its counsel contact Defendant Rushmore and procure a payoff amount (and a third cash offer for $330,000 for the Subject Property was also delivered to Defendant Rushmore.)

33.     Plaintiff W1 had a legal interest in the Subject Property via its Grant Deeds. Moreover, Plaintiff W1 had Power of Attorney over everything related to the Subject Property. Defendant Rushmore is legally required to provide a payoff statement. Defendant Rushmore failed to provide a payoff statement to escrow, plaintiff W1 both with its limited power of attorney and owner of interest, and to a court officer.  Plaintiff W1 alleges that Defendant Rushmore willfully failed to provide plaintiff, its counsel and escrow a payoff demand.

34.     On or about February 21, 2020, a Notice of Default was recorded against the Subject Property.

35.     On or about October 30, 2020, a Notice of Trustee Sale was recorded against the Subject Property.

////

36.     On or about November 20, 2020 Plaintiff W1 entered into a long-term lease agreement with Plaintiff Tenant. The lease was recorded. (("Lease") See Exhibit: E)

37.     On or about December 2, 2020, a the purported foreclosure was conducted.

38.     On or about December 8, 2020, Fannie Mae posted a flyer titled: "Fannie Mae, Knowing Your Options." Plaintiff W1 received a copy via Plaintiff Tenant. The flyer had contact information for defendants Morales and Lee. Plaintiff W1 then sent Defendant Morales and Defendant Lee a conformed copy of the Lease. Plaintiff W1 then asked where should the rent payment be sent. Defendant Lee said that the Lease and rent was a matter for the attorneys. Consequently, Plaintiff W1 told Plaintiff Robinson that Defendant Rushmore is not accepting rents and that Plaintiff Robinson must conduct documented work and improvements on the Subject Property. Every month documented work has been performed in lieu of rent.

39.     To date, Plaintiff W1's counsel has received no responses from Defendant Rushmore or Defendant FNMA.

40.     Plaintiff W1 recognizes that defendants, and each of them are not legally required to sell plaintiff the Subject Property at short sale. But again, *the defendants are legally required to respond to a Payoff Demand.*[5][6]

///

////

///

///

///

---

[5] Under California Civil Code of section 2943, upon the request by the trustor to a deed of trust, the beneficiary must provide a payoff demand statement within 21 days. (Civ. Code § 2943.)

[6] Under 15 U.S.C. § 1639g, "A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower." The aggrieved borrower under 15 U.S.C. § 1639g can get damages under 15 U.S.C. § 1640(a)(1)–(3), but not (a)(4). So, actual damages plus statutory damages in the range, and attorney's fees and court costs, but not "an amount equal to the sum of all finance charges and fees paid by the consumer."

# VI.

## FIRST CAUSE OF ACTION

QUIET TITLE

**(As to All Defendants and Doe Defendants)**

41.     Plaintiff W1 incorporates by reference all paragraphs set forth herein above and herein below as if fully set forth herein.

42.     Plaintiff W1 is informed, believes and thereupon alleges that plaintiff has taken legal interest in the Subject Property.

43.     Plaintiff W1 alleges that plaintiff has taken legal interest in the Property by way of the Grant Deeds signed and acknowledged by both Mr. Dustin and Mrs. Katherine Wise. (See Exhibits: A, B)

44.     Plaintiff W1 further alleges that plaintiff has taken legal interest in the Property by way of the Limited Power of Attorney instruments signed and acknowledged by both Mr. Dustin and Mrs. Katherine Wise. (See Exhibits: C, D)

45.     Plaintiff further alleges that Plaintiff W1 has taken legal interest in the Property by way of the Mortgage Assumption Agreement signed and acknowledged by both Mr. Dustin and Mrs. Katherine Wise.

46.     As stated above, on or about August 20, 2019, Plaintiff W1's agent contacted the Broker handling the listing and Plaintiff W1 made offer was made to purchase the Subject Property. The offer was predicated upon (1) the condition of the Subject Property and (2) it's true number of bedrooms and bathrooms.

   **A.      Defendants Failure and Refusal to Provide a Payoff Amount**

47.     The Wises "Outstanding Principal" per Defendant Rushmore's mortgage statement was $374,499.90. Plaintiff W1 offered $330,000 cash - no loan contingency. The Wises accepted Plaintiff W1's offer, agreements were drafted then escrow was opened.

48.     When the purchase transaction for the Property was placed into escrow - Payoff Demand requests were made by escrow. Plaintiff W1 at the time was willing to payoff the mortgage on the Property. The Demand Payoff requests from escrow fell upon blind eyes and deaf ears. The

W1 Holdings v Fannie Mae, Et al | Complaint

1  purchase transaction could not be closed without a payoff amount. Defendant Rushmore was

2  purported loan service company at the time and failed or refused to provide a payoff. (Plaintiff

3  W1 recognizes that defendants, and each of them are not legally required to sell plaintiff the

4  Property at short sale. But again, *the defendants are legally required to respond to a Payoff*

5  *Demand.*[7] [8])

6  49,   The Property sat in escrow for several months while escrow attempted to procure a payoff

7  amount. Escrow had to be closed due to the lenders unwillingness to provide any party with a

8  payoff demand.

9  50.   On or about February 18, 2020, Plaintiff W1 purchased the Property outside escrow.

10  Plaintiff W1 took Grant Deeds from both Mr and Mrs Wise. Plaintiff W1 in exchange for its

11  consideration received the following acknowledged documents from both Mr and Mrs Wise.:

12      (1)   Grant Deeds from both Mr and Mrs Wise.

13      (2)   Limited Powers of Attorney, ("LPOA") from both Mr and Mrs Wise. (The LPOA

14            are limited in scope as to the Subject Property; and,

15      (3)   A Mortgage Assumption Agreement.

16  51.   Plaintiff W1 further alleges that plaintiff has taken legal interest in the Subject Property by

17  way of the Grant Deeds signed and acknowledged by both Mr. Dustin and Mrs. Katherine Wise.

18  52.   Plaintiff W1 further alleges that plaintiff has taken legal interest in the Subject Property by

19  way of the Assignment signed and acknowledged by both Mr. Dustin and Mrs. Katherine Wise.

20  53.   Plaintiff W1 has also maintained possession Subject Property while conducting repairs to

21  the Subject Property.

22  _____

23      [7] Under California Civil Code of section 2943, upon the request by the trustor to a deed of trust, the

24  beneficiary must provide a payoff demand statement within 21 days.  (Civ. Code § 2943.)

25      [8] Under 15 U.S.C. § 1639g, "A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower." The aggrieved borrower under 15 U.S.C. § 1639g can get damages

26  under 15 U.S.C. § 1640(a)(1)–(3), but not (a)(4). So, actual damages plus statutory damages in the range, and attorney's fees and court costs, but not "an amount equal to the sum of all finance charges and fees paid by the

27  consumer."

28

W1 Holdings v Fannie Mae, Et al | Complaint

54.     Plaintiff W1 contends and thereon alleges that plaintiff has invested no less one -hundred fifty thousand dollars ($150,000) to purchase, improve and cure the Subject Property defects as detailed throughout this complaint.

55.     First and foremost, those repairs plaintiff completed the complaints by Placer county Sheriffs and the county of Placer code enforcement requested. Viz., that plaintiff abate the immediate fire hazards other issues detailed herein.

56.     Plaintiff Robinson is in possession and is the possessor of the Property.

**B.     Plaintiff W1 Challenges Defendant FNMA Purported Ownership**

57.     Plaintiff W1 has assumed and assignment of the Wises mortgage.  Upon forensic review of the chain of title and mortgage loan docs. Plaintiff W1 alleges that the Wises were given predatory loan. Plaintiff W1 alleges that the that defendants have improperly conveyed and transferred the Subject Property in violation of: (a) The Pooling and Servicing Agreement; (b) The required filing of the Security Exchange Commission 424B5 Prospectus with respect to the trust pool at issue; (c) The Mortgage and Loan Agreement; (d) The common law, trust law, and the pertaining rules and regulations of California and New York; and, (e) The Internal Revenue Code, Section 860A through 860G, (known as Real Estate Mortgage Investment Conduit or, "REMIC"[1])

**C.     Plaintiff Ownership Interest Prior to Defendants Foreclosure**

58.     Plaintiff W1 contends and thereon alleges that plaintiff was deeded the Property prior to the purported foreclosure conducted by Defendant FNMA. Plaintiff W1 further contends that both Defendant FNMA and Defendant were delivered notice of Plaintiff W1's legal interest in the Subject Property.

59.     Plaintiff contends and thereon alleges that Defendant FNMA had a duty to provide a payoff.  Plaintiff W1 was the owner of the Subject Property at the time of the purported foreclosure by Defendant FNMA. No notices whatsoever were ever served upon Plaintiff W1, or its counsel. The Defendants had a legal obligation to provide redemption period: defendants failed to do so.

---

[1]     REMICs are investment vehicles that hold commercial and residential mortgages in trust and issue securities representing an undivided interest in these mortgages. A REMIC assembles mortgages into "pools" and issues pass-through certificates, multi-class bonds similar to a collateralized mortgage obligation (CMO), or other securities to investors in the secondary mortgage market.

60.     Plaintiff W1 contends that Defendant FNMA did not have a perfected title upon its improper foreclosure. As explained in *U.S. Bank v. Cantartzoglou,* the plaintiff in a unlawful detainer action has the burden to prove they had the right to foreclose, including perfected title. (See, *U.S. Bank v. Cantartzoglou,* 2013 WL 443771 (Cal. App. Div. Super. Ct. Feb. 1, 2013))

61.     Plaintiff contends there are obvious issues and the Subject Property's title has not been perfected. Plaintiff W1 had a legal interest in the Subject Property. Plaintiff W1 was never noticed of the impending foreclosure. Consequently, plaintiff was denied (i) its right to tender; (ii) its right to cure; and (iii) its right to redeem.

### D.     Plaintiff W1 Challenges Defendant FNMA Foreclosure

62.     Plaintiff W1 contends and thereon alleges that Defendant FNMA has attempted to deprive Plaintiff W1 of its ownership of the Subject Property by conducting a improper foreclosure.

63.     Plaintiff W1 now seeks a judicial determination as to the validity of Defendant FNMA foreclosure. In *Angell vs. Superior Court* (73 Cal.App.4th 691), a defective Notice of Sale omitted an obligation against the property. The Court held that the conclusive presumption of delivery of the Trustee's Deed did not apply and the notice defect rendered the sale void.

64.     As stated above Plaintiff W1 has been denied (i) its right to tender; (ii) its right to cure; and (iii) its right to redeem. Plaintiff W1 did not receive any notice whatsoever that the Subject Property was scheduled for foreclosure. Plaintiff W1 has been prejudiced and harmed.

65.     Moreover, failing to [repeatedly] provide Plaintiff W1 and escrow a payoff amount, and failing to permit a legal owner the right to pay-off a loan is a violation of RESPA, TILA and other Federal and state laws.

66.     Plaintiff W1 contends that when Defendant FNMA and Defendant has repeatedly failed to provide a payoff and then conducted its purported foreclosure without notice to parties of interest and known legal owners, to wit Plaintiff W1. Plaintiff contends that this procedural error is sufficient to set aside the foreclosure and cancel the Trustee Deed.

67.     Cal. Civ. Code § 3412 states that a "written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void, or voidable, may upon his application, be adjudged, and order to be delivered up or canceled. (See, Civ. Code § 3412; *Robertson v Super Ct.* (2001) 90 Cal.App.4th 1319, 1324)

68.     Plaintiff W1 contends that the irregularity in Defendant FNMA foreclosure process renders the Trustee's sale void under state law.

59.     One of the essential elements that the owner must establish is that it obtained title after a sale was held pursuant to California Civil Code section 2924. (See, *Evans v. Superior Court* (1977) 67 Cal.App.3d 162, 169-171.)

70.     For the reasons indicated herein plaintiff is entitled to quiet title to Subject Property.

**VII.**

**SECOND CAUSE OF ACTION**

ACCOUNTING

**(As to All Defendants and Doe Defendants)**

71.     Plaintiff W1 is informed and believes that defendants unlawful actions or omissions, to wit accounting mistakes during the period of January of 2014 to the present, but cannot know the extent of those actions/omissions and mistakes until discovery has been conducted and defendants provide a full and complete accounting of all fines, fees, purported arrears, receipts for payments and disbursements from relating to the accrual of property taxes. Plaintiff W1 will seek leave to amend this Complaint to allege such further and additional allegations when these additional facts and findings become known to Plaintiff W1.

72.     At all times relevant herein, Plaintiff W1 is informed and believes, and thereupon alleges the defendants in this cause of action have failed to act in good faith with respect to the accounting of purported accounting of the relevant penalties, interest, costs, fines, fees, purported arrears, receipts upon payments, disbursements and with such care as an ordinarily prudent person in a like position would use under similar circumstances.

73.     At all times relevant herein, Plaintiff W1 is informed and believes, and thereupon alleges the defendants in this cause of action have failed to provide proper and true notices with respect to the (1) the true and accurate payoff amount; and (2) accounting of purported accounting of the relevant fines, fees, purported arrears, receipts upon payments, disbursements and with such care as an ordinarily prudent person in a like position would use under similar circumstances.

///

///

---

W1 Holdings v Fannie Mae, Et al | Complaint

74.     The exact amount of purported money due and owing from plaintiff is unknown to Plaintiff W1 and cannot be ascertained without an accounting of the purported payoff amount and any all fines, fee, late charges, et cetera.

75.     Plaintiff W1 alleges on information and belief, defendants, and each of them has access to such accounting information, but has not provided Plaintiff W1 with the same. Plaintiff does not have access to such information.

76.     Plaintiff W1 cannot determine the amount of money due without a full and complete accounting from Defendants, and each of them.

77.     Plaintiff W1's office has requested an accounting on prior occasion. However, defendants continue to fail and refuse to provide a render an accounting to plaintiff to date.

## VIII.

### THIRD CAUSE OF ACTION

### VIOLATION OF CAL. CIV. CODE SECTION 2923

### (As to All Defendants and Doe Defendants)

78.     Plaintiff W1 realleges and incorporates all previous allegations as necessary to support this cause of action.

79.     Under California Civil Code of section 2943, upon the request by the trustor to a deed of trust, the beneficiary must provide a payoff demand statement within 21 days.  (Civ. Code § 2943.)

80.     Plaintiff W1 contends and thereon alleges that Defendant Rushmore and Defendant FNMA had a duty to follow the law and they have failed.

81.     Plaintiff W1 made requests for a payoff amount on the Property. Upon Plaintiff W1 and the Wises placing the purchase contract into escrow - escrow then made requests for a payoff amount. Upon Plaintiff W1 purchasing the Property outside of escrow Plaintiff W1 the again made requests for a payoff amount. Plaintiff W1 then also asked that his counsel request a payoff amount for the Property. All these requests fell upon deaf ears and blind eyes.

82.     Plaintiff W1 contends and thereon alleges that repeated requests were made for a payoff amount and plaintiff was repeatedly denied a proper response.

83.     Plaintiff W1 has been harmed.

84.    As a legal, direct and proximate result of the above indicated conduct of the defendants, including Does 1 though 25, Plaintiff has sustained damages.

WHEREFORE, plaintiff prays judgment against defendants, and each of them as follows.

## IX.

### FOURTH CAUSE OF ACTION

### VIOLATION OF USC CODE SECTION 1639

### (As to All Defendants and Doe Defendants)

85.    Plaintiff W1 realleges and incorporates all previous allegations as necessary to support this cause of action.

86.    Under 15 U.S.C. § 1639g, "A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower." The aggrieved borrower under 15 U.S.C. § 1639g can get damages under 15 U.S.C. § 1640(a)(1)–(3), but not (a)(4). So, actual damages plus statutory damages in the range, and attorney's fees and court costs, but not "an amount equal to the sum of all finance charges and fees paid by the consumer."

87.    Plaintiff W1 contends and thereon alleges that Defendant Rushmore and Defendant FNMA had a duty to follow the law and they have failed.

88.    Plaintiff W1 made requests for a payoff amount on the Property. Upon Plaintiff W1 and the Wises placing the purchase contract into escrow - escrow then made requests for a payoff amount. Upon Plaintiff W1 purchasing the Property outside of escrow Plaintiff W1 the again made requests for a payoff amount. Plaintiff W1 then also asked that his counsel request a payoff amount for the Property. All these requests fell upon deaf ears and blind eyes.

89.    Plaintiff W1 contends and thereon alleges that repeated requests were made for a payoff amount and plaintiff was repeatedly denied a proper response.

90.    Plaintiff has been harmed.

91.    As a legal, direct and proximate result of the above indicated conduct of the defendants, including Does 1 though 25, Plaintiff has sustained damages.

92.    WHEREFORE, plaintiff prays judgment against defendants, and each of them as follows.

///

---

W1 Holdings v Fannie Mae, Et al | Complaint

# X.

## FIFTH CAUSE OF ACTION

WRONGFUL FORECLOSURE

### (As to All Defendants and Doe Defendants)

93.     Plaintiffs realleges and incorporates all previous allegations as necessary to support this cause of action.

94.     Defendants and DOES (unknown beneficiary) have claimed an interest in Plaintiffs' contract note and deed of trust.

95.     Plaintiff W1 are informed and believe, and based thereon allege Defendants are not the holders of the notes and deeds of trust and are not operating under a valid power from the current holders of the notes and deeds of trust, Defendants did not have the right to proceed with the foregoing foreclosures.

96.     Plaintiff W1 alleges that Defendants have no right, title, or interest in his deed of trust or its real property; thus, a controversy exists.

97.     Defendants are alleged to have used false statements contained within recorded instruments as fully alleged herein.

98.     The burden of proving an assignment falls upon the party asserting rights thereunder. In an action by an assignee to enforce an assigned right the evidence must not only be sufficient to establish the fact of assignment when that fact is in issue, but the measure of sufficiency requires that the evidence of assignment be clear and positive to protect an obligor from any further claim by the primary obligee. (See, *Cockerell v. Title Ins. & Trust Co.,* 42 Cal. 2d 284, 292, 267 P.2d 16, 21 (1954))

99.     Defendants have unlawfully invoked Cal. Civ. Code § 2924 for non-judicial foreclosure by using or relying upon known forgeries in recorded instruments and without contractual or lawful authority.

100.    Under the Uniform Commercial Code, a negotiable instrument, such as a promissory note secured by a mortgage, may only be enforced by the holder or a person with the rights of a holder. (See, Com. Code §3-301). For instruments payable to an identified person, such as a lender, a holder is generally recognized as the payee or one to whom the negotiable instrument has

W1 Holdings v Fannie Mae, Et al | Complaint

been negotiated. This requires transfer of possession and endorsement by the prior holder. (See, Com. Code §3-201.) Unless the parties otherwise provide, the mortgage follows the note. (See, Cal. Civ. Code §2936)

101.    Though in California, the assignment of a note generally carries with it an assignment of the mortgage, it is still required in California that the holder of the note or a person operating with authority from that holder be the foreclosing party and that the mortgage not have been assigned away from that note.

102.    Defendants no longer own the notes it originated and there is just no way of knowing who now owns the Plaintiffs' mortgages because the Defendants do not know who owns these mortgages. Indeed, the Defendants do not know where it is that they obtained their alleged rights to collect money from Plaintiffs thereunder.

103.    Once separated from the note, the trust deed is unenforceable and of no legal value. For negotiable instruments payable to an identified person, such as a lender, a holder is generally recognized as the payee or one to whom the negotiable instrument has been negotiated. This requires transfer of possession and endorsement by the prior holder. (Com. Code §3-201). Unless the parties otherwise provide, the mortgage follows the note. (Civ. Code §2936; see also *Carpenter v. Longan* (1872) 83 U.S. 271, 275).

104.    Plaintiff W1 has sufficiently alleged and incorporated herein that the recorded Assignment of Deed of Trust, Substitution of Trustee, Notice of Trustee Sale, Notice of Default, and any other recorded documents contain false statements that were memorialized by Defendants against the interests of Plaintiffs.

105.    Plaintiff W1 allege Defendant FNMA had a duty of care to verify all facts contained in those instruments but failed to fulfill those duties. Plaintiff contends that only after learning that Plaintiff W1 purchased the Property did foreclosure procedures start. Moreover, plaintiff contends that Defendant FNMA via Defendant Rushmore refused and continues to refuse to deliver Plaintiff W1 a payoff amount.

106.    Due to the unlawful improper foreclosure conducted by defendants and each of them, Plaintiff W1 has been harmed and continues to be harmed.

///

107.     Defendants acted repeatedly to violate Plaintiffs' rights under California law as alleged herein, despite repeated attempts by Plaintiffs to request legally required documentation from Defendants, and Defendants repeatedly refuse to provide documentation, (e.g., the Payoff Amount), affidavits, and/or otherwise to prove authority, status, and/or rights to foreclose on Plaintiff W1. Despite being the owner of the Property, Plaintiff W1

108.     Defendant FNMA has acted outrageously and persistently with actual malice in performing the acts alleged in this cause of action. Plaintiff W1 has been damaged in that the Property has been lost, a unique, irreplaceable and priceless item. Accordingly, Plaintiff W1 is entitled to exemplary and punitive damages in a sum not less then $2,500,000 and according to proof and to such other relief as is set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

## XI.

### SIXTH CAUSE OF ACTION

### ABUSE OF PROCESS

### (As to All Defendants and Doe Defendants)

109.     Plaintiff Robinson realleges and incorporates all previous allegations as necessary to support this cause of action.

110.     "To establish a cause of action for abuse of process, a plaintiff must plead two essential elements: that the defendant (1) entertained an ulterior motive in using the process and (2) committed a wilful act in a wrongful manner." (See, *Coleman v. Gulf Insurance Group* (1986) 41 Cal.3d 782, 792 [226 Cal.Rptr. 90, 718 P.2d 77], internal citations omitted.)

111.     Plaintiff Robinson contends and thereon alleges that Defendant FNMA has elected to bring the related Unlawful Detainer action despite having constructive and actual knowledge of the Lease.

112.     Plaintiff Robinson contends and thereon alleges that Defendant FNMA has elected to bring the related Unlawful Detainer action to force Plaintiff Robinson to vacate the Property.

113.     Plaintiff contends and thereon alleges that Defendant FNMA "ulterior motive" is to have the Plaintiff Robinson vacate the Property. Plaintiff Robinson is a bonefide tenant protected under both Federal and state law.

W1 Holdings v Fannie Mae, Et al | Complaint

114. Plaintiff Robinson contends and thereon alleges that in support her allegation Defendant FNMA has failed and refused to accept any rent payments.

115. Plaintiff Robinson contends and thereon alleges that in support her allegation Defendant FNMA has also failed and refused to address concerns and issues with the Property.

116. Plaintiff Robinson contends and thereon alleges that in support her allegation Defendant FNMA's agent, Defendant Morales stated that rent is an issue for the attorneys and he also failed and refused to accept rents and address concerns with the Property.

117. The conduct of the named defendant/s, in taking the actions as described above was done willfully and with a reckless disregard for the truth and a reckless disregard of the fact that such actions would be offensive to plaintiffs and caused financial harm as well as emotional and physical distress.

118. Plaintiff Robinson has been damaged in that she has expended money in hiring and consulting with an attorney in an effort to enforce the Bonafide Lease and protect her legal rights. The amount for the attorney fees are in excess of fifty thousand dollars ($50,000).

119. Plaintiff Robinson has been damaged in that the Property is being lost, or will be lost, a unique, irreplaceable and priceless item and now Defendant FMNA is willfully subjecting Plaintiff to an unlawful and illegal eviction, after having suffered months of harassment. Plaintiff further expended time and money to enforce the black letter of the law including, but not limited to, the costs of bringing this suit, an amount to be proven at trial.

120. The Defendants, and each of them have acted outrageously and persistently with actual malice in performing the acts alleged in this cause of action. Accordingly, Plaintiff Robinson is entitled to exemplary and punitive damages in a sum not less then $1,000,000 and according to proof and to such other relief as is set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

///
///
///
///
///

## XII.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF PROTECTING TENANTS AT FORECLOSURE ACT

### (As to All Defendants and Doe Defendants)

121.   Plaintiffs Robinson realleges and incorporates all previous allegations as necessary to support this cause of action.

122.   On January 23, 2014 the California Court of Appeal, Sixth District, held that under the federal Protecting Tenants Against Foreclosure Act ("PTFA") a lease survives foreclosure through the end of the lease term, except under limited circumstances (detailed below), and allows [a] tenant/s to bring state law claims for violation of the federal law.

**A.**   **A Contractual Relationship Under PTFA and HBOR has Been Born.**

123.   To comply with PTFA, CCP Section 1161b of California Civil Procedure ("CCP") was amended in 2012 (Stats.2012, ch. 562, § 3, p. 4960) and the amendment went into effect on January 1, 2013.  As amended, section 1161b, subdiv (b), provides that "tenants or subtenants holding possession of a rental housing unit **under a fixed-term residential lease entered into before transfer of title at the foreclosure sale shall have the right to possession until the end of the lease term, and all rights and obligations under the lease shall survive foreclosure.**" (Emphasis added)

124.   Section 702, subdiv (c), of the PTFA, (as amended in 2010), also provides: "For purposes of this section, **the date of a notice of foreclosure shall be deemed to be the date on which complete title to a property is transferred to a successor entity** or person as the result of an order of a court or pursuant to provisions in a mortgage, deed of trust, or security deed." (Pub.L. 111–203, Title XIV, §1484, July 21, 2010, 124 Stat. 2204) (Emphasis added) Because Defendant BNY purportedly took the property back at the auction sale the "notice of foreclosure" is deemed the date that the trustee's deed is recorded.

///
///
///
///

---

W1 Holdings v Fannie Mae, Et al | Complaint

**B.     The Chronological Order of Events:**

On November 16, 2020: Plaintiff W1 entered into the Lease agreement with Plaintiff Robinson. (See, Exhibit E)

On November 20, 2020: The lease was then recorded at the Placer County Recorders Office.

On December 2, 2020. Notice of Foreclosure, the purported foreclosure was conducted by Defendant FNMA's Trustee and Defendant FNMA became landlord to Plaintiff Robinson.

125.    Plaintiff Robinson needed only to execute the Lease prior to the "notice of foreclosure" (*Id.*) under the law. And, she did. The Lease was entered into and noticed to defendants more than two weeks before the "notice of noreclosure." (*Id.*)

**C.     Defendant FNMA has Failed to Invalidate the Lease**

126.    CCP1161b(c) states, "The purchaser or successor in interest shall bear the burden of proof in establishing that a fixed-term residential lease is not entitled to protection under subdivision (b)." Again, Defendant FNMA has failed to ever attack the validity of the Lease. Indeed, both State and Federal law presume that a resident with a fixed lease State and Federal law presume that a resident of a foreclosed property is a bonafide tenant unless the successor owner demonstrates otherwise. Defendant FNMA fails to present any evidence, as is its burden, that Plaintiff Robinson's lease of the property is not valid. In addition title is transferred to the new owner, defendant FNMA, upon the recording of the "notice of foreclosure", when title is transferred to the new owner/landlord at the foreclosure sale.

127.    With an existing lease, the tenant can remain in possession until the lease expires. (See PTFA § 702(a)(2)(A); *Nativi v. Deutsche Bank Nat'l Tr.*, 223 Cal. App. 4th 261, 284 (2014); *Fontaine v. Deutsche Bank Nat'l Tr. Co.*, 372 S.W.3d 257, 260 (Tex. App. 2012).

///

///

///

///

///

### D.   Notice of the Lease

128.   Prior to completion of the Defendants FNMA foreclosure, Plaintiff W1 delivered a copy of the recorded Lease to Defendant FNMA. Plaintiff W1 noticed Defendant FNMA at:

> Fannie Mae
>
> Attn. Office of the President
>
> 100 Pine Street, Suite 2400
>
> San Francisco, CA 94111

129.   For an extended lease to be valid it need only been delivered to those having interest in the property, recording is not necessary. However, Plaintiff W1 knew that a critical question could be raised by defendants: Which document was completed first? Viz., Defendant FNMA's Deed of Trust, or the Memorandum of Lease. As it has been echoed throughout this Complaint, if the Lease was recorded first, and Defendant FNMA forecloses, then defendant must take the Property subject to the Lease.

130.   A recorded Memorandum of Lease is used to put the world, and all third parties on notice of a leasehold interest encumbering a property. In an abundance of caution, Plaintiff W1 took the liberty of recording the Lease. The Lease and the recordation predates Defendant FNMA purported foreclosure.  Consequently, the Lease survives the foreclosure.

131.   The Lease was recorded and served upon Defendant FNMA, prior to the date of a notice of foreclosure and therefore the Lease is protected under PTFA, California HBOR and state law. (It is worthy of noting that Defendant FNMA , nor its counsel have denied receiving and knowing of the Lease.)

132.   The Lease between Defendant FNMA and Plaintiff Robinson set forth specific terms. At no time did Plaintiff Robinson breach those terms. Defendant FNMA was bound to the Lease upon executing and completing its foreclosure. Despite Defendant FNMA's legal and contractual obligations Defendant FNMA has initiated and executed a lawsuit in unlawful detainer without cause or justification. Defendant FNMA is not above the law.

133.   Under PTFA and HBOR Defendant FNMA was prohibited from bringing the related unlawful detainer complaint against Plaintiff Robinson, unless Defendant FNMA could evidence that (1) the Lease is not a bona fide lease and the lease is invalid; or (2) that Plaintiff Robinson

1    somehow failed to perform. Yet, Defendant FNMA has failed to illustrate either. And, that burden
2    of proof solely rests upon Defendant FNMA.
3    134.    Plaintiff Robinson believes and thereon alleges that the detailed conduct of Defendant
4    FNMA described herein and incorporated here by reference was undertaken as a means to harass
5    and vex plaintiff.
6    135.    Plaintiff Robinson believes and thereon alleges detailed conduct of Defendant FNMA
7    described herein and incorporated here by reference was conducted with malice.
8    136.    Plaintiff Robinson believes and thereon alleges that this alleged breach is based upon an
9    underlying tort. Specifically, Defendant's FNMA has failed to honor the Lease in violation of
10   PTFA and HBOR.
11   137.    Plaintiff has been damaged and continues to be damaged.
12   138.    The Defendants, and each of them have acted outrageously and persistently with actual
13   malice in performing the acts alleged in this cause of action. Accordingly, Plaintiff Robinson is
14   entitled to exemplary and punitive damages in a sum not less then $1,000,000 and according to
15   proof and to such other relief as is set forth below in the section captioned Prayer for Relief which
16   is by this reference incorporated herein.
17   139.    Plaintiff Robinson believes and thereon alleges that she has been damaged from
18   defendants conduct as detailed above and below and is incorporated here by reference.
19   140.    Further, plaintiffs understand that generally speaking punitive damages are not permitted
20   in a breach of contract allegation however, there are exceptions and in this instance Defendant
21   FNMA has breached a state and Federally protected lease. A lease that was entered into under the
22   black letter of the law. Therefore, Plaintiff Robinson seeks punitive damages.
23   141.    The conduct of the named defendant/s, in taking the actions as described above was done
24   willfully and with a reckless disregard for the truth and a reckless disregard of the fact that such
25   actions would be offensive to plaintiffs and caused financial harm as well as emotional and
26   physical distress.
27   142.    Plaintiff Robinson has been damaged in that she has expended money in hiring and
28   consulting with an attorney in an effort to enforce the Bonafide Lease and protect her legal rights.
     The amount for the attorney fees are in excess of fifty thousand dollars ($50,000).

W1 Holdings v Fannie Mae, Et al | Complaint

143.    Plaintiff Robinson has been damaged in that the Property has been lost, or will be lost, a unique, irreplaceable and priceless item and now Defendant FMNA is willfully subjecting Plaintiff to an unlawful and illegal eviction, after having suffered months of harassment. Plaintiff further expended time and money to enforce the black letter of the law including, but not limited to, the costs of bringing this suit, an amount to be proven at trial.

144.    The Defendants, and each of them have acted outrageously and persistently with actual malice in performing the acts alleged in this cause of action. Accordingly, Plaintiff Robinson is entitled to exemplary and punitive damages in a sum not less then $1,000,000 and according to proof and to such other relief as is set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

WHEREFORE, plaintiffs pray judgment against defendants and each of them as follows.

## XIII.

### EIGHTH CAUSE OF ACTION

FRAUD - COUNT 1 - CONCEALMENT

**(As to All Defendants and Doe Defendants)**

145.    Plaintiff W1 realleges and incorporates all previous allegations as necessary to support this cause of action.

146.    Plaintiff W1 believes and thereon alleges that Defendant FNMA concealed the payoff amount of the Property.

147.    Defendant FNMA owes a duty to both Plaintiff W1 and the public at large insomuch as it is a GSE and there a duty to ensure that its agents are following the law and that its agents when engaged in transactions are in compliance of the law. Defendant FNMA has grossly failed its duties in this instance.

148.    Plaintiff W1 believes and thereon alleges by the conduct detailed herein and above and incorporated here by reference that Defendant FNMA did deliberately, willfully and wantonly failed to disclosure facts as to: (1) payoff amount for the Property; (2) Failed to provide legally required information under the various civil code regarding disclosure at foreclosure; and (3) actively refused to acknowledge and honor the Lease.

///

149.    Plaintiff W1 believes and thereon alleges by the conduct that the concealed information detailed herein was under exclusive control of Defendants, and each of them and said information was known only to defendants.

150.    Plaintiff W1 believes and thereon alleges that the Defendants, and each of them by virtue their actions intended to deceive plaintiff.

151.    Plaintiff W1 has suffered harm in Defendants, and each of them furtherance of their fraud scheme.

152.    The actions of the Defendants, and each of them, as described above were the actual and proximate cause of harm suffered by the Plaintiffs as stated in more detail above and incorporated here by reference.

153.    Plaintiff W1 has been damaged.

154.    The conduct of the indicated herein by the Defendants, and each of them, in taking the actions and inactions of as described above was done willfully and with a reckless disregard for the fact that such actions and inactions would be offensive to Plaintiff W1 and cause financial harm as well as emotional and physical distress to its principals and agents. Plaintiff has been damaged in that it has expended money in hiring and consulting with an attorney in an effort to enforce the purchase agreement and the Lease of the Property and protect its legal rights. The amount for the attorney fees are in excess of seventy five thousand dollars ($75,000).

155.    Plaintiff W1 has been further damaged in that the Plaintiff W1 has lost benefit of the bargain that was negotiated for in good faith, specifically the ability to own the Property which is a unique, irreplaceable and priceless item and has now been lost.

156.    The conduct as herein above described by the indicated Defendants, and each of them was vile, base, contemptible, miserable, wretched and loathsome, so much so, that it would be looked down upon and despised by ordinary and reasonable people. The actions of the Defendants, and each of them, as described above were undertaken with the intent or reckless disregard of the harm those actions would cause to Plaintiff W1. The actions of Defendants, as described above were malicious and willful and as such are subject to the imposition of punitive damages. Plaintiff W1 is therefore entitled to punitive damages in an amount not less than, two million, five hundred thousand dollars ($2,500,000) as a means to appropriately to punish the Defendants, and each of

them, and deter others from engaging in such similar real estate misconduct and fraud.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as stated below.

## XIV.

## NINTH CAUSE OF ACTION

### FRAUD - COUNT 2 - CONCEALMENT

**(As to All Defendants and Doe Defendants)**

157.    Plaintiff Robinson realleges and incorporates all previous allegations as necessary to support this cause of action.

158.    Plaintiff Robinson believes and thereon alleges that Defendant FNMA concealed its willingness to honor the Lease. Plaintiff Robinson has resided at the Property for over a year and because of her work in lieu of rent - the Property has been substantially improved.

159.    Defendant FNMA owes a fiduciary to both Plaintiff Robinson and the public at large insomuch as Defendant FNMA is a GSE there a duty to ensure that its agents are following the law and that its agents when engaged in transactions are in compliance of the law. Defendant FNMA has grossly failed its duties in this instance. Plaintiff Robinson is a bonafide tenant under a long-term Lease and Plaintiff Robinson contends that Defendant FNMA now seeks to evict her and her children in defiance of the law. Plaintiff Robinson contends that Defendant FNMA has hidden its desire to cancel the Lease.

160.    Plaintiff Robinson believes and thereon alleges by the conduct detailed herein and above and incorporated here by reference that Defendant FNMA did deliberately, willfully and wantonly fail to disclosure facts and has actively refused to acknowledge and honor the Lease.

161.    Plaintiff Robinson believes and thereon alleges by the conduct that the concealed information detailed herein was under exclusive control of Defendants, and each of them and said information was known only to defendants.

162.    Plaintiff Robinson  believes and thereon alleges that the Defendants, and each of them by virtue their actions intended to deceive plaintiff.

163.    Plaintiff Robinson has suffered harm in Defendants furtherance of their fraud scheme.

///

164.    The actions of the Defendants, and each of them, as described above were the actual and proximate cause of harm suffered by the Plaintiffs as stated in more detail above and incorporated here by reference.

165.    Plaintiff Robinson  has been damaged.

166.    The conduct of the indicated herein by the Defendants, and each of them, in taking the actions and inactions of as described above was done willfully and with a reckless disregard for the fact that such actions and inactions would be offensive to Plaintiff and cause financial harm as well as emotional and physical distress to its principals and agents. Plaintiff has been damaged in that it has expended money in hiring and consulting with an attorney in an effort to enforce the purchase agreement and the Lease of the Property and protect its legal rights. The amount for the attorney fees are in excess of seventy five thousand dollars ($75,000).

167.    The Plaintiff have been further damaged in that the Plaintiffs have lost benefit of the bargain that it negotiated for in good faith, specifically ability to use the Property which is a unique, irreplaceable and priceless item has been lost.

168.    The conduct as herein above described by the indicated Defendants, and each of them was vile, base, contemptible, miserable, wretched and loathsome, so much so, that it would be looked down upon and despised by ordinary and reasonable people. The actions of the Defendants, and each of them, as described above were undertaken with the intent or reckless disregard of the harm those actions would cause to Plaintiff Robinson. The actions of Defendants, as described above were malicious and willful and as such are subject to the imposition of punitive damages. Plaintiff Robinson is therefore entitled to punitive damages in an amount not less than, one million dollars ($1,000,000) as a means to appropriately to punish the Defendants, and each of them, and deter others from engaging in such similar real estate misconduct and fraud.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as stated below.

///

///

///

///

1

## XV.

2

### TENTH CAUSE OF ACTION

3

BREACH OF CONTRACT

4

**(As to All Defendants and Doe Defendants)**

5

169.    Plaintiff Robinson realleges and incorporates all previous allegations as necessary to

6

support this cause of action.

7

170.    Upon taking possession of the Property at foreclosure, Defendant FNMA stepped into the

8

shoes as the landlord for the Property and a contract was created between Defendant FNMA and

9

Plaintiff Robinson.

10

171.    On November 16, 2020, the current acknowledged Lease for the Property was entered into

11

between tenant/plaintiff Robinson and Plaintiff W1. That Lease was specific as to its terms and

12

conditions. Under California and Federal law the Lease survived Defendant FNMA purported

13

foreclosure.

14

172.    The Principal agent to W1 Holdings in accordance to the law placed the Lease into a

15

USPS priority stock envelope and then immediately dispatched a copy to Defendant FNMA and

16

Defendant Rushmore.

17

173.    Plaintiff Robinson contends and thereon alleges that Defendant FNMA had a duty to

18

perform under the Lease. At no time whatsoever has Defendant FNMA ever acted as a landlord.

19

To the contrary, the defendant has repeatedly failed and refused to acknowledge the Lease, accept

rents, and conduct needed repairs.

20

174.    Defendant FNMA has breached its duty to Plaintiff Robinson.

21

175.    Plaintiff Robinson contends as alleged herein above and incorporated here by reference the

22

defendants, and each of them did indeed willfully and wantonly interfere with the contractual

23

between Defendant FNMA and Plaintiff Robinson.

24

176.    As a direct and proximate result of this breach of duty, Plaintiff Robinson has been

25

damaged.

26

177.    The conduct of the above named defendants, in taking the actions of as described above

27

was done with reckless disregard of the fact that such actions would be offensive to plaintiff's

28

///

W1 Holdings v Fannie Mae, Et al | Complaint

client and caused financial harm and is deemed to be the price paid. Plaintiff Robinson seeks two-hundred thousand ($200,000) in damages from defendant.

178.    The conduct of the named defendant/s, in taking the actions as described above was done willfully and with a reckless disregard for the truth and a reckless disregard of the fact that such actions would be offensive to plaintiffs and caused financial harm as well as emotional and physical distress. Plaintiff Robinson has been damaged in that she has expended money in hiring and consulting with an attorney in an effort to enforce the bona fide Lease and protect her legal rights. The amount for the attorney fees are in excess of fifty thousand dollars ($50,000). Plaintiff Robinson  has been damaged in that the Property has been lost, or will be lost,  a unique, irreplaceable and priceless item and now Defendant FNMA is willfully subjecting Plaintiff Robinson to an unlawful and illegal eviction, after having suffered months of harassment. Plaintiff Robinson further expended time and money to enforce the black letter of the law including, but not limited to, the costs of bringing this suit, an amount to be proven at trial.

179.    Plaintiff Robinson has lost the benefit of the bargain and is entitled to damages that are equivalent to the benefit of the plaintiff's contractual bargain. Plaintiff Robinson is entitled to damages for the breach of lease permitting her to recover the difference between rental value at date of breach and rent specified in lease for its term.

180.    Plaintiff Robinson contends that due to the condition of the Property and its substantial defects, including the structural defects at the Property that the rental value at the time of Defendant FNMA alleged breach is inadequate to make Plaintiff Robinson whole. Plaintiff Robinson is entitled to damages for the breach of the Lease permitting Plaintiff Robinson to recover difference between rental value over the term of the Lease. Plaintiff Robinson seeks additional damages in the amount of two hundred fifty-five thousand and four hundred sixty three dollars ($255, 463).

181.    Further, plaintiffs understand that generally speaking punitive damages are not permitted in a breach of contract allegation however, there are exceptions and in this instance Defendant FNMA has egregiously breached a state and Federally protected lease. A lease that was entered into under the black letter of the law and Defendant FNMA knows the law.

        WHEREFORE, plaintiffs pray judgment against defendants and each of them as follows.

W1 Holdings v Fannie Mae, Et al | Complaint

# XVI.

## ELEVENTH CAUSE OF ACTION

NEGLIGENCE

### (As to All Defendants and Doe Defendants)

182.    Plaintiffs realleges and incorporates all previous allegations as necessary to support this cause of action.

183.    Defendants, and each of them have a duty to follow the law.

184.    Defendants, and each of them had a duty to conduct fair dealings.

185.    Defendants, and each of them failed in these duties when they Defendants violated the statutory codes, acted with malice, and continued their scheme as detailed herein and incorporated here by reference.

186.    Defendants, and each of them failed in these duties when they violated various statutory codes, as detailed herein and incorporated here by reference.

187.    Plaintiffs have been damaged.

188.    The conduct of the indicated herein by the Defendants, and each of them, in taking the actions and inactions of as described above was done willfully and with a reckless disregard for the fact that such actions and inactions would be offensive to the Plaintiffs and cause financial harm as well as emotional and physical distress to its principals and agents. Plaintiffs have been damaged in that it has expended money in hiring and consulting with an attorney in an effort to enforce the purchase agreement of the Subject Property and protect its legal rights. The amount for the attorney fees are in excess of seventy five thousand dollars ($75,000).

189.    The Plaintiff has been further damaged in that the Plaintiff has lost benefit of the bargain that it negotiated for in good faith, specifically ability to own the Subject Property which is a unique, irreplaceable and priceless item has been lost.

190.    Plaintiff has further expended time and money to enforce the black letter of the law including, but not limited to, the costs of bringing this suit, an amount to be proven at trial.

191.    Plaintiff has further expended time and money to enforce the black letter of the law including, but not limited to, the costs of bringing this suit, an amount to be proven at trial.

///

W1 Holdings v Fannie Mae, Et al | Complaint

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as stated below.

## XVII.

### TWELFTH CAUSE OF ACTION

BREACH OF GOOD FAITH AND FAIR DEALINGS

**(As to All Defendants and Doe Defendants)**

192.    Plaintiffs reallege and incorporate all previous allegations as necessary to support this cause of action.

193.    Plaintiffs contend that the Defendants, and each of them were required to use good faith and fair dealings with Plaintiff W1 and Plaintiff Robinson and when Defendants and each of them breached their obligation of fair dealings when Defendants:

    a.    Refused to provide a payoff amount when Plaintiff W1 was purchasing the Property from the Wises;

    b.    Violated Cal. Civ. Code § 2923;

    c.    Refused to provide a payoff amount to escrow when Plaintiff W1 was purchasing the Property from the Wises;

    d.    Violated Cal. Civ. Code § 1639;

    e.    Refused to provide a payoff amount when Plaintiff W1 counsel made a request for said payoff;

    f.    Wrongfully foreclosed and deprived Plaintiff W1 of its right to redeem the Property;

    g.    Committed fraud by concealment, refusing to ever provide Plaintiff W1 with detailed payoff statement;

    h.    Committed fraud by concealing the intent of refusing to honor the Lease;

    i.    Breached the Lease, as detailed herein and incorporated here by reference;

    j.    Sought unjust enrichment as detailed herein and incorporated here by reference;

    k.    Violated Civ. Code Sect. 17200 as detailed herein and incorporated here by reference; and,

///

W1 Holdings v Fannie Mae, Et al | Complaint

l.      Violated Civ. Code Sect. 17500, as detailed herein and incorporated here by reference.

194.    Plaintiffs contend that they have been damaged by above indicated breach good faith and fair dealings.

195.    The conduct of the indicated herein by the Defendants, and each of them, in taking the actions and inactions of as described above was done willfully and with a reckless disregard for the fact that such actions and inactions would be offensive to Plaintiffs and cause financial harm as well as emotional and physical distress to its principals and agents. Plaintiffs has been damaged in that it has expended money in hiring and consulting with an attorney in an effort to enforce the purchase agreement of the Property and protect its legal rights. The amount for the attorney fees are in excess of seventy five thousand dollars ($75,000).

196.    The Plaintiffs have been further damaged in that the Plaintiffs have lost benefit of the bargain that it negotiated for in good faith, specifically ability to own the Property which is a unique, irreplaceable and priceless item has been lost.

197.    Plaintiffs have further expended time and money to enforce the black letter of the law including, but not limited to, the costs of bringing this suit, an amount to be proven at trial.

198.    Plaintiffs have further expended time and money to enforce the black letter of the law including, but not limited to, the costs of bringing this suit, an amount to be proven at trial.

199.    The conduct as herein above described by the indicated Defendants, and each of them was vile, base, contemptible, miserable, wretched and loathsome, so much so, that it would be looked down upon and despised by ordinary and reasonable people. The actions of the Defendants, and each of them, as described above were undertaken with the intent or reckless disregard of the harm those actions would cause to Plaintiffs. The actions of Defendants, as described above were malicious and willful and as such are subject to the imposition of punitive damages. Plaintiffs are therefore entitled to punitive damages in an amount not less than, three million, five hundred thousand dollars ($3,500,000) as a means to appropriately to punish the Defendants, and each of them, and deter others from engaging in such similar real estate misconduct and fraud.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as stated below.

## XVIII.

### THIRTEENTH CAUSE OF ACTION

UNJUST ENRICHMENT

### (As to All Defendants and Doe Defendants)

200.    Plaintiffs reallege and incorporate all previous allegations as necessary to support this cause of action.

201.    At all times relevant to this matter Defendants, and each of them owed a legal duty to Plaintiff to not unfairly or unduly take advantage of Plaintiffs or commit wrongful acts in order to unjustly enrich themselves at the Plaintiffs' expense or at the expense or at the expense of Plaintiffs financial interests.

202.    Defendants, and each of them have been unjustly enriched by the money Plaintiff's have expended to secure and improve the Property and Defendants, and each of them are obligated to make restitution to Plaintiffs in such amounts.

203.    During the period of time detailed throughout this Complaint, incorporated here by reference, Plaintiff's contend that the Defendant and each of them the did attempt to unjustly enriched themselves by fraudulently and wrongfully attempting bamboozle Plaintiff and Plaintiff investor.

204.    Defendants, and each of them committed such acts and omissions which would have lead to the Defendant's unjust enrichment.

205.    Plaintiffs have been damaged.

206.    The conduct of the indicated herein by the Defendants, and each of them, in taking the actions and inactions of as described above was done willfully and with a reckless disregard for the fact that such actions and inactions would be offensive to Plaintiffs and cause financial harm as well as emotional and physical distress to its principals and agents. Plaintiffs has been damaged in that it has expended money in hiring and consulting with an attorney in an effort to enforce the purchase agreement of the Property and protect its legal rights. The amount for the attorney fees are in excess of one hundred twenty-five thousand dollars ($125,000).

///

///

W1 Holdings v Fannie Mae, Et al | Complaint

207.    The Plaintiff has been further damaged in that the Plaintiffs have lost benefit of the bargain that it negotiated for in good faith, specifically ability to own the Property which is a unique, irreplaceable and priceless item has been lost.

208.    Plaintiff has further expended time and money to enforce the black letter of the law including, but not limited to, the costs of bringing this suit, an amount to be proven at trial.

209.    Plaintiff has further expended time and money to enforce the black letter of the law including, but not limited to, the costs of bringing this suit, an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as stated below.

## XIX.

### FOURTEENTH CAUSE OF ACTION

VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200

**(As to All Defendants and Doe Defendants)**

210.    Plaintiffs reallege and incorporate all previous allegations as necessary to support this cause of action.

211.    Plaintiffs incorporate by reference all paragraphs set forth herein above and herein below as if fully set forth herein.

212.    Plaintiffs believe and thereon allege that the Defendants, and each of them, by the conduct detailed herein and throughout this complaint, incorporated here by reference, engaged in business acts or practices that were unlawful, unfair, or deceptive, or misleading and therefore violated section 17500 of the California Unfair Competition law (Bus. & Prof. Code Sect. 17500). Plaintiffs specifically incorporates the alleged conduct described above and below as well as those allegations of conduct indicated in the preceding sections of this complaint.

213.    Plaintiffs have been damaged.

214.    The conduct of the indicated herein by the Defendants, and each of them, in taking the actions and inactions of as described above was done willfully and with a reckless disregard for the fact that such actions and inactions would be offensive to Plaintiffs and caused financial harm as well as emotional and physical distress. Plaintiffs have been damaged in that it has expended money in hiring and consulting with an attorney in an effort to enforce the purchase agreement of

W1 Holdings v Fannie Mae, Et al | Complaint

1   the Property and protect its legal rights. The amount for the attorney fees are in excess of seventy

2   five thousand dollars ($75,000).

3   215.   Plaintiff W1 has been further damaged in that the plaintiff has lost benefit of the bargain

4   that it negotiated for in good faith, specifically ability to own the Property which is a unique,

5   irreplaceable and priceless item has been lost.

6   216.   Plaintiffs have further expended time and money to enforce the black letter of the law

7   including, but not limited to, the costs of bringing this suit, an amount to be proven at trial.

8   217.   Plaintiffs have further expended time and money to enforce the black letter of the law

9   including, but not limited to, the costs of bringing this suit, an amount to be proven at trial.

10          WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

11   stated below.

12                                        **XX.**

13                          **FIFTEENTH CAUSE OF ACTION**

14           VIOLATION OF BUSINESS AND PROFESSIONS CODE 17500

15                     **(As to All Defendants and Doe Defendants)**

16   218.   Plaintiffs reallege and incorporate all previous allegations as necessary to support this
     cause of action.

17
18   219.   Plaintiffs believe and thereon allege that Defendants, and each of them, by the conduct

     detailed herein and throughout this complaint, incorporated here by reference, engaged in business
19
     acts or practices that were unlawful, unfair, or deceptive, or misleading and therefore violated
20
     section 17500 of the California Unfair Competition law (Bus. & Prof. Code Sect. 17500).
21
     Plaintiffs specifically incorporate the alleged conduct described above and below as well as those
22
     allegations of conduct indicated in the preceding section of this complaint.
23
24   220.   Plaintiff has been damaged.

25   221.   The conduct of the indicated herein by the Defendants, and each of them, in taking the

26   actions and inactions of as described above was done willfully and with a reckless disregard for

27   the fact that such actions and inactions would be offensive to the Plaintiffs and cause financial

28   harm as well as emotional and physical distress to its principals and agents. Plaintiffs have been

     damaged in that it has expended money in hiring and consulting with an attorney in an effort to

---

W1 Holdings v Fannie Mae, Et al | Complaint

1   enforce the purchase agreement of the Property and protect its legal rights. The amount for the

2   attorney fees are in excess of seventy five thousand dollars ($75,000).

3   222.    The Plaintiff W1 has been further damaged in that the plaintiff has lost benefit of the

4   bargain that it negotiated for in good faith, specifically ability to own the Property which is a

5   unique, irreplaceable and priceless item has been lost.

6   223.    Plaintiffs has further expended time and money to enforce the black letter of the law

7   including, but not limited to, the costs of bringing this suit, an amount to be proven at trial.

8          WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

9   stated below.

10

11                                      **XXI.**

12                       **SIXTEENTH CAUSE OF ACTION**

13                            DECLARATORY RELIEF

14                  **(As to All Defendants and Doe Defendants)**

15  224.    Plaintiffs reallege and incorporate all previous allegations as necessary to support this
    cause of action.
16
17  225.    An actual controversy has arisen and now exists between plaintiffs and the defendants
    concerning their respective rights, duties obligations and moreover the purported amount claimed
18
    due in taxes with respect to the Property in that plaintiff contends the amount claimed due is
19
    inaccurate and moreover, plaintiffs have been denied certain rights and redemption plans for the
20
    public under the law.
21
22  226.    A judicial declaration is necessary and appropriate at this time in order that plaintiffs
    ascertain it rights and duties.
23  227.    Unless and until enjoined and restrained by order of this court, defendants' intends to sale
24  the Property and this will cause great and irreparable injury to the plaintiffs.
25  228.    Plaintiffs therefore seeks a declaration that the title to the Property is vested in Plaintiffs
26  W1 alone and that the defendant herein, and each of them, be declared to have no estate, right,
27  title or interest in the Property and that said defendant, and each of them, be forever enjoined from
28  asserting any estate, right, title or interest in the Property adverse to the Plaintiffs.

W1 Holdings v Fannie Mae, Et al | Complaint

## XXII.

### SEVENTEENTH CAUSE OF ACTION

INJUNCTIVE RELIEF

#### (As to All Defendants and Doe Defendants)

229.   Plaintiffs reallege and incorporate all previous allegations as necessary to support this cause of action.

230.   Plaintiff W1 believes and thereon alleges that Defendant FNMA has refused to provide payoff for the Property. Now, Defendant FNMA is attempting to sell the Property and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff W1.

231.   Plaintiff Robinson believes and thereon alleges that Defendant FNMA has refused to honor the Lease. Now, Defendant FNMA is attempting conduct an unlawful UD Action and until enjoined and restrained by order of this court, will cause great and irreparable injury to both Plaintiff Robinson.

232.   Plaintiffs have no adequate remedy at law for the injuries currently being suffered. Plaintiffs will continue to be damaged if defendants' conduct is not restrained.

233.   Unless and until enjoined and restrained by order of this court, defendant county of Sacramento will cause great and irreparable injury to plaintiff in that there if plaintiff fails to pay the purported arrears, to which the calculations do not comport with plaintiffs calculations, plaintiff will be irreparable injured.

## XXIII.

### EIGHTEENTH CAUSE OF ACTION

GOOD FAITH IMPROVER LIEN CCP § 871.1 Et Seq.

#### (As to All Defendants and Doe Defendants)

234.   Plaintiffs reallege and incorporate all previous allegations as necessary to support this cause of action.

235.   Plaintiffs, in good faith, expended monies that have surpassed any claimed rents in securing and improving the Property in an amount to be proved at trial, under the faith Plaintiffs had a protected interest in the Property.

236.    Plaintiff Robinson contends that due to the condition of the Property and its substantial defects, including the structural defects at the Property that the rental value at the time of Defendant FNMA alleged breach is inadequate to make Plaintiff Robinson whole. Plaintiff Robinson is entitled to damages for the breach of the Lease permitting Plaintiff Robinson to recover difference between rental value at the date of breach. Plaintiff Robinson seeks additional damages in the amount of two hundred fifty-five thousand and four hundred sixty three dollars ($255,463).

237.    Plaintiff W1 contends that due to the condition of the Property and its substantial defects, including the structural defects at the Property that seeks additional damages in excess of one hundred and fifty thousand dollars ($150,000).

238.    It is consistent with substantial justice to the parties under the circumstances of this case to protect Plaintiff's rights. Plaintiffs are entitled to a judgment establishing a lien in favor of Plaintiff's, pursuant to Code of Civil Procedures sections 871.1 et. seq., for all amounts expended by Plaintiffs to improve the Property while under the Lease and the good faith belief that Plaintiff Robinson had a protected interest in the Property, in an amount according to proof at the time of trial.

## XXIV.

### NINETEENTH CAUSE OF ACTION

IMPOSITION OF EQUITABLE LIEN

### (As to All Defendants and Doe Defendants)

239.    Plaintiffs reallege and incorporate all previous allegations as necessary to support this cause of action.

240.    Plaintiffs are entitled to judgement establishing an equitable lien on the Property for all amounts expended by Plaintiffs to secure and improve the Property.

241.    As detailed above and incorporated here by reference, Plaintiff W1 had a protected interest in the Property in that plaintiff was to purchase the Property. Plaintiff W1 has conducted substantial improvements upon the Property.  Plaintiff W1, both in escrow and outside of escrow continued to seek a payoff amount for the purported outstanding money owed but, defendants

///

---

W1 Holdings v Fannie Mae, Et al | Complaint

continue to fail or refuse to provide a payoff statement in violation of state and Federal law. Plaintiffs are entitled to the imposition of an equitable lien.

242.    As detailed above and incorporated here by reference, Plaintiff Robinson conducted improvements that have extended past any purported past due rents. Plaintiff Robinson conducted improvements under the good-faith belief that had a protected interest in the Property under the Lease.

243.    As detailed above and incorporated here by reference, Plaintiff W1 has also conducted extensive improvements. Plaintiff W1 conducted improvements under the good-faith belief that it too had a protected ownership interest in the Property.

## XXV.

## TWENTIETH CAUSE OF ACTION

### JUDICIAL FORECLOSURE

### (As to All Defendants and Doe Defendants)

244.    Plaintiffs reallege and incorporate all previous allegations as necessary to support this cause of action.

245.    Plaintiffs request that the court order, adjudge and decree that the subject equitable lien imposed be foreclosed, that the Property be sold according to law, that the proceeds of the sale be applied to the amounts due to the Plaintiffs.

246.    Plaintiffs further move this court for an award Plaintiff judgment and execution against Defendants, and each of them for any deficiency that may remain after applying the proceeds. That the court order, adjudge and decree that Plaintiff W1 may purchase Property at the foreclosure sale, that when the redemption has elapsed, that the Sheriff or receiver execute a deed to the purchaser of the Property at the sale and that the purchaser be given possession to the Property on production of the Sheriff's, or Receivers deed.

///
///
///
///
///

W1 Holdings v Fannie Mae, Et al | Complaint

## XXVI.

### PRAYER FOR RELIEF

1.      For an Order instructing Defendant FNMA to provide an accounting related to the Property;

2.   For a Order determination that Plaintiff W1 as the rightful holder of title, upon payoff of the Property and that defendants indicated herein, and each of them, be declared to have no estate, right, title or interest in the Property;

3.   For an Order prohibiting the sale of the Property by Defendant FNMA et al;

4.      For judgment enjoining said, any purported Does claiming estate, right, title or interest in the Property;

5.   For general and special damages in the sum according to proof at time of trial;

6.   For punitive and exemplary damages in an amount not less than $2,500,000 dollars to deter others from similar real estate misconduct and fraudulent type activities;

7.   For costs of suit incurred herein; and

8.   For such other and further relief as the court may deem proper.

Date: 3/17/22

By _____

Lyle D. Solomon,
Attorney For Plaintiffs
W1 Holdings & Cheyanne Robinson

**Verification on Following Page**

W1 Holdings v Fannie Mae, Et al | Complaint

-42-

1

## VERIFICATION

2

I, Donald Hubbard am an authorized agent to W1 Holdings, whom is plaintiff in the

3

above-entitled action. I have read the foregoing complaint and know the contents thereof. The

4

same is true of my own knowledge, except as to those matters which are therein alleged on

5

information and belief, and as to those matters, I believe it to be true.

6

I declare under penalty of perjury that the foregoing is true and correct and that this

7

declaration was executed at Placer County, California

8

9

Date: 3 - 17 - 2022          By:

10

Donald Hubbard,

11

Authorized Agent for W1 Holdings

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W1 Holdings v Fannie Mae, Et al | Complaint

**SUM-130**

# SUMMONS
## (CITACIÓN JUDICIAL)
### UNLAWFUL DETAINER-EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE- DESALOJO)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Cheyanne Robinson and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Federal National Mortgage Association, its assignees and/or successors

> *FOR COURT USE ONLY*
> *(SOLO PARA USO DE LA CORTE)*
> **ELECTRONICALLY FILED**
> Superior Court of California,
> County of Placer
> **02/23/2022 at 12:49:14 PM**
> By: Cristina Vallan-Brown
> Deputy Clerk

| | |
|---|---|
| NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.<br><br>A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.<br><br>There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (*www.lawhelpca.org*), the California Courts Online Self-Help Center (*www.courts.ca.govselfhelp*), or by contacting your local court or county bar association. | *¡AVISO! Usted ha sido demandado, Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audencia. Una vez que le entreguen sobre citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal y hacer que se entregue una copia al demandante.*<br><br>*Una carta una illamada telfóncia no lo protege. Su respuesta por escrito tiene que estra en format legal correcto si desea que procesen su caso en la corte. Es possible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin mas advertencia.*<br><br>*Hay otros requistos legales. Es recommendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar un servicio de remissión a abogado. Si no puede pagar a un abogado, es possible que cupla con los requistos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.* |
| **FEE WAIVER:** if you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. | *EXENCIÓN DE CUOTAS: Si no puede pagar la cuota de presentación, pida al secretario de que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte puede desestimar el caso.* |

1.  The name and address of the court is:
    *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA,
    PLACER COUNTY, PLACER COUNTY SANTUCCI JUSTICE CENTER
    COURTHOUSE JUDICIAL DISTRICT
    10820 Justice Center Drive, Roseville, CA 95678

    CASE NUMBER *(número del caso):*
    M-CV-0081009

2.  The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
    Melissa Robbins Coutts Esq. SBN 246723 Deborah A. Boyd, Esq. SBN 136296
    McCarthy & Holthus, LLP    2763 Camino Del Rio S., Suite 100., San Diego, CA 92108 (619) 243-3960 Fax (619) 785-3253

**Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2022]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.45, 1167
*www.courts.ca.gov*

**SUM-130**

| PLAINTIFF *(Name)*: Federal National Mortgage Association, its assignees and/or successors | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*: Cheyanne Robinson  and DOES 1-10, inclusive | M-CV-0081009 |

3.  *(Must be answered in all cases)* An **unlawful detainer assistant (Bus. & Prof. Code §§ 6400-6415)**  ☒ **did not**  ☐ did for compensation give advice or assistance with this form.  *(If plaintiff has received **any** help or advice for pay from an unlawful detainer assistant, complete item 4 below.)*

4.  **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

     a.  Assistant's name:

     b.  Telephone no.:

     c.  Street address, city, and zip:

     d.  County of registration:

     e.  Registration no.:

     f.  Registration expires on *(date)*:

| DATE: *(Fecha)* | Wednesday, February 23, 2022 | Clerk, by *(Secretario)* | Cristina Vallan-Brown | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (POS-010).)*

[SEAL] *(Superior Court of California, County of Placer)*

5.  **NOTICE TO THE PERSON SERVED:** You are served
     a.  ☒ as an individual defendant.
     b.  ☐ as the person sued under the fictitious name of (specify):
     c.  ☐ as an occupant.
     d.  ☐ on behalf of *(specify):*
        under: ☐ CCP 416.10 (corporation).    ☐ CCP 416.60 (minor).
              ☐ CCP 416.20 (defunct corporation).    ☐ CCP 416.70 (conservatee).
              ☐ CCP 416.40 (association or partnership).    ☐ CCP 416.90 (authorized person).
              ☐ CCP 415.46 (occupant).    ☐ other (specify):
     e.  ☐ by personal delivery on *(date):*

CP10.5

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM
IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| | |
|---|---|
| CLAIMANT OR CLAIMANT'S ATTORNEY (*Name and Address*):    TELEPHONE NO.:<br><br><br><br><br>ATTORNEY FOR (*Name*):<br>**NAME OF COURT:** Placer County Santucci Justice Center Courthouse Court of California<br>STREET ADDRESS: 10820 Justice Center Drive<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Roseville, CA 95678<br>BRANCH NAME: | *FOR COURT USE ONLY* |
| Plaintiff:<br>Defendant: | |

| | |
|---|---|
| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER:<br>M-CV-0081009 |
| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)<br>3. You still occupy the subject premises. | *(To be completed by the process server)*<br>DATE OF SERVICE: 4-2-22<br>*(Date that form is served or delivered, posted, and mailed by the officer or process server)* |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify):*
2. I reside at *(street address, unit no., city and ZIP code):*

3. The address of "the premises" subject to this claim is *(address):*

   2/23/2022
4. On *(insert date):*                                        , the landlord or the landlord's authorized agent filed a complaint to recover
   possession of the premises.  *(This date is in the accompanying Summons and Complaint.)*
5. I occupied the premises on the date the complaint was filed *(the date in item 4).* I have continued to occupy the premises ever since.
6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4).*
7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4).*
8. I was not named in the Summons and Complaint.
9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.
10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of  $              or file with the court an
    "Application for Waiver of Court Fees and Costs."  I understand that if I don't pay the filing fee or file the form for waiver of court
    fees, I will not be entitled to make a claim of right to possession.

*(Continued on reverse)*

| | | |
|---|---|---|
| CP10.5 [Rev. June 15, 2015] | **PREJUDGMENT CLAIM OF RIGHT<br>TO POSSESSION** | Code of Civil Procedure, §§ 415.46,<br>715.010, 715.020, 1174.25 |

| Plaintiff:<br>Defendant: | CASE NUMBER:<br>M-CV-0081009 |
|---|---|

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13. **Rental agreement.** I have *(check all that apply to you)*:

    a. ☐ an oral or written rental agreement with the landlord.

    b. ☐ an oral or written rental agreement with a person other than the landlord.

    c. ☐ an oral or written rental agreement with the former owner who lost the property to foreclosure.

    d. ☐ other *(explain):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> WARNING: Perjury is a felony punishable by imprisonment in the state prison.

Date:

_____          ▶          _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**

1. **You are NOT named in the accompanying Summons and Complaint.**
2. **You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.**
3. **You still occupy the premises.**

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
**02/23/2022 at 12:49:14 PM**
By: Cristina Vallan-Brown
Deputy Clerk

1  **McCarthy & Holthus, LLP**
   Melissa Robbins Coutts Esq. SBN 246723
2  Deborah A. Boyd, Esq. SBN 136296
   2763 Camino Del Rio S, Suite 100
3  San Diego, CA 92108
   Telephone: (619) 243-3960
4  Fax (619) 785-3253

5  Attorney for: Plaintiff,
   Federal National Mortgage Association, its assignees and/or successors

6

7                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                              **COUNTY OF PLACER**

9

10

11 | Federal National Mortgage Association,    )  Case No.      M-CV-0081009
   | its assignees and/or successors,          )
12 |                                           )  **COMPLAINT FOR UNLAWFUL**
   |               Plaintiff,                   )  **DETAINER FOLLOWING**
13 |                                           )  **FORECLOSURE SALE**
   |          vs.                              )  **ACTION BASED ON CODE OF**
14 |                                           )  **CIVIL PROCEDURE SECTION**
   | Cheyanne Robinson,                        )  **1161b**
15 | and DOES 1-10, inclusive,                 )
   |                                           )
16 |               Defendant(s).                )  Limited Civil Case
   |                                           )
17 |                                           )  Amount demanded does not exceed $10,000
   |                                           )
18

   Plaintiff alleges as follows:

19
   1. Plaintiff, Federal National Mortgage Association, its assignees and/or successors, is
20
      entitled to possession and is the owner of record of a parcel of real property located at
21
      620 Schroeder Ln., Colfax, CA 95713 ("Subject Property"). The Subject Property is
22
      located within the above-referenced Judicial District and County.
23
   2. Plaintiff, Federal National Mortgage Association, its assignees and/or successors, is an
24
      entity lawfully conducting business in California.
25

---

3.  Defendant(s), Cheyanne Robinson, at all times herein mentioned resided in the State of California, County of PLACER.

4.  Defendant(s), and each of them, are currently in possession of and occupying the Subject Property.

5.  Defendant(s) is the former trustor or a holdover occupant of the former trustor.

6.  The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendant(s) named herein as Does 1-10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues said Defendant(s) by their fictitious names under Code of Civil Procedure section 474. Plaintiff asks leave of the Court to amend its Complaint to include the true names and capacities of said Defendant(s) when the same have been ascertained.

7.  Plaintiff is the owner of and entitled to immediate possession of the Subject Property, which property is located within the jurisdictional boundaries of this court.

8.  Plaintiff owns the Subject Property by virtue of a foreclosure sale duly held pursuant to the power under the Deed of Trust executed by Defendant(s) or their predecessors.

9.  Defendant(s) or their predecessors defaulted under the terms of the Deed of Trust which secured the Property, the subject of this litigation. Thereafter, a Notice of Default and Breach of Conditions of the Deed of Trust and Election to Sell the Property, to satisfy the obligation thereby secured, was recorded in the Official Records in the Office of the County Recorder of PLACER, California.

10. After failure of Defendant(s) or their predecessors to cure said default, a Trustee's Sale of the Property was duly noticed, as required under California Civil Code section 2924 et seq., to satisfy the obligation secured by the Deed of Trust.

11. At the time and place noticed for Trustee's Sale, the Subject Property was sold to Plaintiff in compliance with California Civil Code Section 2924 *et.seq.* The Trustee's Deed Upon Sale was thereafter recorded in the PLACER County Recorder's Office,

thereby duly perfecting Plaintiff's title to the Subject Property. A true and correct certified copy of the Trustee's Deed is attached hereto marked Exhibit "1" and made a part hereof.

12. On 11/13/2021, Defendant(s) were served with a written notice requiring Defendant(s) and "All Persons in Possession" of the Subject Property to quit and deliver up possession of the property. A true and correct copy of said Notice for Possession is attached hereto as Exhibit "2" and is incorporated by this reference. A true and correct copy of the Proof of Service of Notice for Possession is attached hereto as Exhibit "3" and is incorporated by this reference.

13. Defendant(s) have failed and refused to deliver up possession of the Subject Property after expiration of the Notice as required by California Code of Civil Procedure §1161b.

14. Defendant(s) continues in possession of the Subject Property without Plaintiff's permission or consent.

15. The reasonable value of the use and occupancy of the Subject Property is equal to an amount according to proof at trial, and damage to the Plaintiff caused by Defendant's unlawful detention thereof has accrued at said rate since 2/23/2022 and will continue to accrue until the date of entry of Judgment.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    WHEREFORE, Plaintiff prays judgment against Defendant(s) and each of them for:

2    1.  Restitution of the Subject Property;

3    2.  Damages in an amount to be determined, according to proof, at trial, at a daily rate

4        from 2/23/2022, until the date that judgment for Plaintiff is entered by the Court; and

5    3.  Costs herein and further relief as is proper.

6

7    Dated: February 23, 2022                          McCarthy Holthus, LLP

8                                                      By: _____

9                                                      Melissa Robbins Coutts Esq.
                                                       Attorney For Plaintiff,
10                                                     Federal National Mortgage
                                                       Association, its assignees and/or
11                                                     successors

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                             **VERIFICATION**

2   STATE OF CALIFORNIA

3   COUNTY OF SAN DIEGO

4           I have read the foregoing COMPLAINT FOR UNLAWFUL DETAINER and know its

5   contents.

6           I am one of the attorneys for Federal National Mortgage Association, a party to this

7   action.  The officer responsible of such party is absent from the county aforesaid where such

8   attorneys have their offices, and I make this verification for and on behalf of that party for that

9   reason.  I have read the foregoing document and I am informed and believe that the matters

10   therein to be true, and on that ground, allege that the matters stated therein are true.

11           Executed on February 23, 2022 in San Diego, California.

12           I declare under penalty of perjury under the laws of the State of California that the

13   foregoing is true and correct.

14

15                                     Melissa Robbins-Coutts Esq. SBN 246723

16

17

18

19

20

21

22

23

24

25

# EXHIBIT "1"

Recording Requested By
ServiceLink

WHEN RECORDED MAIL TO:

**FEDERAL NATIONAL MORTGAGE
ASSOCIATION
5600 Granite Parkway VII
Plano, TX 75024**

TRA# ██████
Trust No. ██████
Parcel No. 100-070-004-000
Property Address: **620 SCHROEDER LN
COLFAX, CA 95713**

PLACER, County Recorder
RYAN RONCO
DOC- 2020-0145342-00
Simplifile LLC
THURSDAY, DEC 10, 2020 03:48 PM
MIC    $3.00| AUT    $2.00| SBS    $1.00
ERD    $1.00| SB2    $75.00| REC    $10.00
ADD    $0.00

Ttl Pd    $92.00    Rcpt # 02971782
CLKBZPK9T2/MAB/1-2

Space Above This Line For Recorder

MAIL TAX STATEMENT TO:

Same as above

Documentary Transfer Tax $0.00
The Grantee Herein was the Foreclosing Beneficiary.
consideration $400,000.00
unpaid debt $420,377.12
____ Computed on the consideration or value of property conveyed.
____ Computed on the consideration of value less liens or encumbrances remaining at time of sale.

"This instrument is being recorded as an ACCOMMODATION ONLY, with no Representation as to its effect upon title"

The undersigned declare under penalty of perjury

Signature of Declarant or Agent Monica Chavez
APN 100-070-004-000

# TRUSTEE'S DEED UPON SALE

Agent to principal-instrumentality of the US Government pursuant to R&T 11926

**CLEAR RECON CORP** (herein called trustee) does hereby grant and convey, but without covenant or warranty, express or implied to **FEDERAL NATIONAL MORTGAGE ASSOCIATION** (herein called Grantee) the real property in the county of **Placer**, State of California described as follows:
A PARCEL OF LAND IN THE NORTHEAST QUARTER (NE 1/4) OF SECTION THIRTY-FOUR (34), TOWNSHIP FIFTEEN (15) NORTH, RANGE NINE (9) EAST, MDB&M, DESCRIBED AS FOLLOWS: BEGINNING AT THE SOUTHWEST CORNER OF THE BENJESTORF PROPERTY FROM WHICH POINT THE QUARTER CORNER ON THE NORTH LINE OF SECTION 34, TOWNSHIP 15 NORTH, RANGE 9 EAST, MDB&M, BEARS NORTH 19° 25' 52" WEST 1816.02 FEET; AND RUNNING THENCE ALONG WEST LINE OF BENJESTORF PROPERTY NORTH 1° 45' EAST 586.40 FEET TO A POINT ON THE WEST SIDE OF P.G.&E. FLUME; THENCE ALONG WEST SIDE OF P.G. &E. FLUME SOUTH 22° 35' WEST 353.93 FEET TO SOUTH END OF FLUME; THENCE ALONG BERM ON WESTERLY SIDE OF P.G.&E. DITCH THE FOLLOWING THREE COURSES AND DISTANCES: SOUTH 56° 17' WEST 101.96 FEET, SOUTH 3° 21' WEST 169.06 FEET, SOUTH 31° 41' EAST 94.13 FEET; THENCE SOUTH 57° 13' EAST 188.80 FEET TO A POINT SOUTH

CRC TDUS 07292019

1° 45' WEST FROM THE POINT OF BEGINNING; THENCE NORTH 1° 45' EAST 148.44 FEET TO THE POINT OF BEGINNING.

The street address and other common designation, if any, of the real property described above is purported to be: **620 SCHROEDER LN, COLFAX, CA 95713**

This conveyance is made pursuant to the authority and powers vested in said Trustee, as Trustee, or Successor Trustee, or Substituted Trustee, under that certain Deed of Trust executed by **DUSTIN WISE AND KATHERINE WISE, HUSBAND AND WIFE AS JOINT TENANTS** as Trustor, recorded **10/3/2016**, as **Instrument No. 2016-0084564-00**, of official Records in the Office of the Recorded of Placer County, California; and pursuant to the Notice of Default recorded **2/21/2020, as Instrument No. 2020-0015285**, of Official Records of said County, Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by said Deed of Trust, including, among other things, as applicable, the mailing of copies of notices or the personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof.

At the place fixed in the Notice of Trustee's Sale, Trustee sold said property above described at public auction on **12/2/2020** Grantee, being the highest bidder at such sale, became the purchased or said property and paid therefore to said Trustee the bid amount **$400,000.00** in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust.

Date:  DEC 0 8 2020                    **CLEAR RECON CORP**

By: _____

Monica Chavez
Authorized Signor

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California)
County of San Diego)

On _DEC 0 8 2020_____ before me, ____Diana Luevanos_____,
a Notary Public, personally appeared ____Monica Chavez_____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of ____CALIFORNIA____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____

DIANA LUEVANOS
Notary Public - California
San Diego County
Commission # 2326688
My Comm. Expires May 15, 2024

**MAIL TAX STATEMENTS TO THE ABOVE MENTIONED ADDRESS**

# EXHIBIT "2"

**NOTICE FOR POSSESSION**

File No.   CA-21-117390

TO:   Cheyanne Robinson

and  "ALL PERSONS IN POSSESSION" of the premises located at:

620 Schroeder Ln., Colfax, CA 95713

NOTICE IS HEREBY GIVEN that:

1.)  Within **three (3) days after service on you of this Notice**, in the event you are the Trustor of the Deed of Trust described below or prior owner of the subject property, or you reside in the Property with the Trustor of the Deed of Trust or prior owner; or:

2.)  Within **ninety (90) days after service on you of this Notice**, in the event you are a bona fide tenant of the above described premises and not one of the Trustors of the Deed of Trust described below:

        You are required to quit and deliver up possession of the premises to the undersigned or to Federal National Mortgage Association, or its servicing agent, who is/are authorized to receive the same, or the undersigned will institute legal proceedings against you to recover possession of said premises and for rents or damages as provided by law.

        You are required to quit and deliver up possession of said premises for the reason that they have been duly sold to the undersigned in accordance with Section 2924 et seq. of the Civil Code of the State of California, under the power of sale contained in a Deed of Trust executed by you or by your predecessors in interest and recorded in the Official Records of PLACER County, California, and the title under the sale has been duly perfected.

        This notice is given pursuant to the provisions of Sections 1161a(b)(3) and 1161b of the Code of Civil Procedure of the State of California.

        **Please notify this office immediately if you are active military duty or have been discharged from active military duty within the last 12 months.**

Dated: November 11, 2021

McCarthy & Holthus, LLP
Attorneys for Federal National Mortgage Association

2763 Camino Del Rio S, Suite 100
San Diego, CA 92108
(619) 685-4800 x3729

A foreclosure sale has been completed for this property and an eviction is beginning – Your rights to continue living in this property may be affected. Please call (with an interpreter) our office at (619) 685-4800 ext 3729 to discuss options which may be available to you. You may also wish to contact a lawyer or your local legal aid or housing counseling agency to discuss any rights you may have. Time is of the essence.

Se ha realizado una venta por juicio hipotecario de esta propiedad y ha comenzado el proceso de desalojo. Es posible que sus derechos de continuar viviendo en esta propiedad se vean afectados. Comuníquese (con un intérprete) con nuestra oficina al (619) 685-4800, int. 3729, para analizar opciones disponibles para usted. También podrá comunicarse con un abogado o con la oficina local de asesoramiento legal o agencia de asesoramiento inmobiliario para analizar los derechos que pueda tener. El tiempo es crucial.

Thủ tục mua bán nhà bị tịch thu đã được hoàn tất đối với tài sản này và việc thu hồi nhà đang bắt đầu – Quyền hạn tiếp tục sống trong nhà này của quý vị có thể bị ảnh hưởng. Xin gọi (với một thông dịch viên) cho văn phòng của chúng tôi ở số (619) 685-4800, số máy nhánh 3729 để thảo luận các lựa chọn có thể có đối với quý vị. Quý vị cũng có thể cần liên lạc với một luật sư hoặc một cơ quan trợ giúp về pháp luật hoặc tư vấn gia cư tại địa phương để thảo luận mọi quyền hạn của quý vị. Thời gian là điều quan trọng nhất.

이 건물에 대한 압류 처분이 완료되었으며 철거가 시작되고 있습니다. 귀하가 이 건물에 계속 거주할 수 있는 권리가 영향을 받을 수 있습니다. (619) 685-4800(내선 3729, 통역사 통화 가능)으로 전화하여 귀하가 선택할 수 있는 사항을 문의하십시오. 또한 변호사, 지역의 법률 지원 기관 또는 주택 상담 기관에 연락하여 귀하의 권리에 대해 문의할 수 있습니다. 서두르셔야 합니다.

Naisagawa na ang pagbebenta dahil sa pagpapasara sa property na ito at magsisimula na ang paglilipat – Ang iyong mga karapatang patuloy na tumira sa property na ito ay maaaring maapektuhan. Mangyaring tumawag (nang may interpreter) sa aming tanggapan sa (619) 685-4800 ext 3729 upang talakayin ang mga pagpipilian na maaari mong magamit. Maaari ka ring makipag-ugnay sa isang abugado o iyong lokal na legal aid o ahensya sa pagpapayo sa paninirahan upang talakayin ang anumang karapatang maaaring nauukol sa iyo. Ang oras ay mahalaga.

法院針對此房產的公開拍賣（Foreclosure Sale）已經完成，并且收回房產（Eviction）行動已經開始 – 您繼續居住在此房產的權利將受到影響。請（在譯員幫助下）致電我們的辦公室，電話 (619) 685-4800 分機 3729，以討論可供您選擇的各項方案。您還可能需要聯係一位律師、當地法律援助機構 或住房咨詢機構以便討論您可能擁有的各項權利。時間緊迫，請勿拖延。

## NOTICE TO TENANTS

Notice to Any Renters Living At 620 Schroeder Ln., Colfax, CA 95713

The attached notice means that your home was recently sold in foreclosure and the new owner plans to evict you.

You should talk to a lawyer NOW to see what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and simply move out.

Also, if you do not respond within five days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should ask a lawyer about it.

You may have the right to stay in your home for 90 days or longer, regardless of any deadlines stated on any attached papers. In some cases and in some cities with a "just cause for eviction law," you may not have to move at all. But you must take the proper legal steps in order to protect your rights.

How to Get Legal Help

If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

**Please notify this office immediately if you are active military duty or have been discharged from active military duty within the last 12 months.**

**McCarthy ◦ Holthus**

*A Limited Liability Partnership*
*A Multijurisdictional Law Firm*
**2763 Camino Del Rio S, Suite 100**
**San Diego, California 92108**
Telephone (877) 369-6122
Facsimile (619) 685-4811
**www.McCarthyHolthus.com**
Email to all personnel:
First initial and last name@mccarthyholthus.com

November 11, 2021

Occupant
620 Schroeder Ln.
Colfax, CA 95713

Re:   Federal National Mortgage Association v. Cheyanne Robinson
Property Address:     620 Schroeder Ln., Colfax, CA 95713
MH File No.:          CA-21-117390

Dear Occupants:

This office represents Federal National Mortgage Association.  On or about 12/02/2020 Federal National Mortgage Association completed the foreclosure sale of the above-referenced property.  We have been retained to proceed with an Eviction proceeding against you to obtain possession of the property.  We have prepared a Notice for Possession that will be or already has been served on you.  Pursuant to the Notice you have a very short time period to vacate the premises.

If you are a tenant of the prior owner with a bona fide lease or tenancy, you may have additional rights under Code of Civil Procedure Section 1161b.

The purpose of this letter is to offer you the opportunity to resolve this matter without litigation.  In order to confirm whether you have a bona fide lease or tenancy, we will need to review your lease and any other documents you have to support the existence of the bona fide lease or tenancy.  As such, please provide them immediately to our Eviction Department, Please be advised that if you do have a bona fide lease or tenancy you must fax it to our attention at **(619) 785-3253** and stop making payments to your previous landlord.

This communication is for the purpose of collecting a debt, and any information obtained from the trustor(s) will be used for that purpose. This notice is required by the provisions of the Fair Debt Collection Practices Act and does not imply that we are attempting to collect money from anyone who has discharged the debt under the bankruptcy laws of the United States.

**Please notify this office immediately if you are active military duty or have been discharged from active military duty within the last 12 months.**

Sincerely,
**McCarthy Holthus, LLP**

Eviction Department

| Arizona Office | Colorado Office | Idaho Office | Nevada Office | New Mexico Office | Oregon Office | Texas Office | Washington Office |
|---|---|---|---|---|---|---|---|
| 8502 E. Via De Ventura Blvd., Suite 200 Scottsdale, AZ 85258 (480) 303-4250 Facsimile (480) 302-4101 | 7700 E. Arapahoe Road, Suite 230 Centennial, CO 80112 (877) 369-6122 Facsimile (866) 894-7369 | 702 W. Idaho St., Suite 1100 Boise, ID 83702 (208) 947-7264 Facsimile (208) 947-5910 | 9510 West Sahara Avenue, Suite 200 Las Vegas, NV 89117 (707) 685-0320 Facsimile (866) 339-5691 | 6501 Eagle Rock NE, Suite A-3 Albuquerque, NM 87113 (505) 219-4900 Facsimile (505) 750-9803 | 920 SW 3rd Avenue, 1st Floor Portland, OR 97204 (971) 201-3200 Facsimile (971) 201-3202 | 1255 West 15th Street, Suite 1060 Plano, TX 75075 (214) 291-3820 Facsimile (214) 291-3801 | 108 1st Ave South, Suite 300 Seattle, WA 98104 (206) 596-4856 Facsimile (206) 274-4902 |

# **Important Notice to Tenants**

<u>If you are a tenant of the prior owner
with a bona fide lease or tenancy,
you may be allowed to continue renting the property</u>.

You may have additional rights as provided by Code of Civil Procedure Section 1161b and by federal law.

Please contact us immediately to let us know if you are a tenant living at the Property and provide us with proof of the same, such as a copy of your lease. If you do not have a written lease, please provide us with a summary of the terms of your oral lease.  In addition, please provide us with rent receipts or proof of rent payment, utilities bills, or other documentation evidencing the fact that you are a tenant living at the Property.

If we do not hear from you, you will not lose any legal rights, but we may take legal action to attempt to remove you from the Property.

This notice describes some of your legal rights.

IN MOST CASES, UNDER THE PROTECTING TENANTS AT FORECLOSURE ACT OF 2009[1] , YOU HAVE THE RIGHT TO CONTINUE AS A TENANT AT THE PROPERTY FOR THE REMAINDER OF YOUR LEASE OR AT LEAST NINETY (90) DAYS FROM THE DATE YOU ARE GIVEN NOTICE TO VACATE, WHICHEVER IS LONGER. IN EITHER CASE, THE NEW OWNER CAN ONLY TERMINATE YOUR TENANCY AND EVICT YOU FROM THE PROPERTY IF THE NEW OWNER HAS GIVEN YOU AT LEAST NINETY (90) DAYS NOTICE TO VACATE.

If, at any time, you violate your lease, the new owner may evict you for that lease violation and you may not be protected by the Protecting Tenants at Foreclosure Act.

**You are protected by the Protecting Tenants at Foreclosure Act if:**
- The new owner became the owner on or after June 23, 2018; and

---

[1] The Protecting Tenants at Foreclosure Act, P.L. 111-22, §§ 701-704 (May 20, 2009), as amended and clarified by the Dodd-Frank Wall Street Reform and Consumer Protection Act, P.L. 111-203, § 1484 (July 21, 2010) and the Economic Growth, Regulatory Relief, and Consumer Protection Act, P.L. 115-174 § 304 (May 24, 2018).

- You were a tenant before complete title to the Property was transferred to the new owner; and
- You are NOT the former owner, or the child, parent, or spouse of the former owner; and
- Your rent is equal to or is not substantially less than fair market rent, or you pay less rent because you have rental assistance due to federal, state, or local subsidy, such as Section 8.

If the new owner sells the Property to a person who wants to move into the Property as his or her primary residence, the Protecting Tenants at Foreclosure Act allows that buyer to lawfully end your lease and tell you to vacate the Property as long as that buyer gives you at least ninety (90) days advance notice before the date you are being asked to leave.

If you have a Section 8 voucher, you have additional rights and should provide a copy of this notice to your Section 8 worker.

If you would like information regarding the options available, please contact this office immediately:

McCarthy & Holthus, LLP
2763 Camino Del Rio S, Suite 100
San Diego, CA 92108
**(619) 243-3960**
**Fax: (619) 785-3253**

It will be necessary for you to provide us with a copy of your lease with the prior owner. Please fill out and return the attached occupant questionnaire and return it with a copy of your lease.

**Please notify this office immediately if you are active military duty or have been discharged from active military duty within the last 12 months.**

# CHANGE IN OWNERSHIP OCCUPANT QUESTIONNAIRE – FORECLOSURE

Dear Occupant:  Federal National Mortgage Association acquired ownership of the below property via a foreclosure sale held on 12/02/2020, and is now the owner of the property. Please stop making payments to your former landlord: they no longer own the Property.

**Please fill out this form as completely as you can and return it within 3 business days, <u>along with a copy of your lease and evidence of rent payments</u>, via fax to (619) 785-3253 or via mail to McCarthy & Holthus LLP, 2763 Camino Del Rio S, Suite 100 San Diego, California 92108. If you have any questions or concerns, please contact us at (619) 243-3960.**

Property Address: 620 Schroeder Ln. Colfax, CA 95713          { FILE # CA-21-117390 }

| Names of all occupants (over 18yrs old) | Move-in date | Home Phone No. |
|---|---|---|
| _____ | _____ | ( )_____ |
| _____ | _____ | ( )_____ |
| _____ | _____ | ( )_____ |
| _____ | _____ | ( )_____ |

Did you have a lease with the prior owner (please circle):                     Yes/No

Do you receive a rent subsidy (such as section 8) (please circle):          Yes/No

If you receive a subsidy, please list the name and address of the agency or housing authority handling your case/subsidy program:

_____

_____

Monthly Rent Payments: $_____

Date Rent is Due:_____

Date of last Rent Payment Made:_____

Rent Currently Paid Through: _____.

List of Utilities you are responsible for paying:_____

List of Utilities your (former) landlord was responsible for paying:_____

Date lease expired or was converted to month-to-month:  _____.

Are you interested in purchasing the property (please circle):          Yes/No

If you are interested in purchasing, please provide a pre-qualification letter to our agent:

List any appliances, window coverings, light fixtures, etc. which YOU own: _____

Are there any current problems with your unit (please circle):          Yes/No
If so, please explain in detail:

_____

_____

Signature of occupant(s): _____ Dated:_____

**Please notify this office immediately if you are active military duty or have been discharged from active military duty within the last 12 months.**

## <u>IF YOU ARE IN THE ARMED FORCES, PLEASE READ THIS IMPORTANT MESSAGE ABOUT POSSIBLE RIGHTS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT</u>

**IMPORTANT NOTICE TO SERVICEMEMBERS AND THEIR DEPENDENTS:**

**PROTECTIONS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT**

Military servicemembers on "active duty" or "active service," or a dependent of such a servicemember may be entitled to certain legal protections, including eviction protection, pursuant to the Servicemembers Civil Relief Act (50 U.S.C. App. §§ 501-596), as amended, (the "SCRA") and, possibly, certain related state statutes.

**Who may be entitled to Legal Protections under the SCRA:**

- Active duty members of the Army, Navy, Air Force, Marine Corps, Coast Guard, and active service National Guard;
- Active service members of the commissioned corps of the National Oceanic and Atmospheric Administration;
- Active service members of the commissioned corps of the Public Health Service;
- United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action;
- Active member of the United States armed forces, a member of a military reserve component, or a member of the national guard who is either stationed in or a resident of Washington state, notwithstanding the above Notice pursuant to RCW 38.42.050; and
- Their spouses and dependents.

**What legal protections are servicemembers entitled to under the SCRA?**

- The SCRA states that a debt incurred prior to entering military service by a servicemember or servicemember and spouse jointly shall not bear interest at a rate above 6 percent during the period of military service and for one year thereafter.
- The SCRA states that in a legal action to enforce a mortgage debt filed during or within 12 months after the servicemember's military service, a court may take certain actions to protect the consumer.
- The SCRA states that eviction of servicemembers generally must be under a court order, and a court may take certain actions to protect the consumer.
- The SCRA contains many other protections besides those applicable to home loans.

## WHAT YOU NEED TO DO

### How do I request relief under the SCRA?

- Please contact us immediately at the following number to inform us of you or your spouse's military status. **Call us at: (619) 685-4800 ext. 3729**

- To assist in determining whether this loan is eligible for Servicemember benefits, please provide us with a copy of any military orders and/or DD-214 form(s) issued to you, any co-borrower, or occupant of the property and the Social Security numbers of any non-borrower occupants of the property.

- Some of the benefits provided by the SCRA require that the servicemember provide the lender with a copy of the servicemember's military orders. A servicemember or spouse, or both, may request relief under the SCRA by providing a written request with a copy of the servicemember's military orders:

McCarthy & Holthus, LLP
Evictions Department
2763 Camino Del Rio S, Suite 100
San Diego, CA 92108

### How can I get more information about the SCRA?

- Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at the following website: http://legalassistance.law.af.mil/content/locator.php

- "Military OneSource" is the U.S. Department of Defense's information resource. If you are listed as entitled to legal protections under the SCRA, please go to http://www.militaryonesource.com/scra or call 1-800-342-9647 (toll free from the United States) to find out more information. Dialing instructions for areas outside the United States are provided on the website.

- If you are such a servicemember, or a dependent of such a servicemember, you should contact McCarthy & Holthus. LLP at (619) 685-4800 ext. 3729 to discuss your status under the SCRA.

# EXHIBIT "3"

McCarthy & Holthus, LLP
2763 Camino Del Rio South  San Diego, CA 92108

## PROOF OF SERVICE

, the undersigned declare that I served the Notice (s) below as indicated:

3/90 Notice For Possession; 5 Languages; Important Notice to Tenants; Blank Change in Ownership
Occupant Questionnaire; Notice to Tenants; Service Members Civil Relief Act; Dated Letter to Occupant

The above described Notice (s) were served on the following named parties in the manner set forth
below:

NAME OF OCCUPANT:   Cheyanne Robinson; and All Unknown Occupants

    DATE OF POSTING:   November 13, 2021
    TIME OF POSTING:   11:38 AM

    DATE OF MAILING:   November 13, 2021

PROPERTY ADDRESS:   620 Schroeder Ln
                      Colfax, CA 95713
                      (HOME)

☐  1. PERSONAL SERVICE      By delivering a copy of the Notice(s) on the above named occupant(s)

☑  2. CONSTRUCTIVE SERVICE   After due and diligent effort and after attempting to personally serve said notice(s), as
                                  authorized by C.C.P. Section 1162(2,3) on each of the above named parties in the
                                  manner set forth below.

By posting a copy for each of the above named parties on  November 13, 2021 at 11:38 AM in a
conspicuous place on the property; there being no person of suitable age or discretion to be found at
the property or any known place of business of the above named parties and thereafter mailing a
copy to each said party by depositing said copies in the United States mail, in a sealed envelope with
postage fully prepaid, addressed to each said party at their place where the property or where their
mail is delivered on  November 13, 2021.

Fee for Service:$ 150.00
    County: Nevada
    Registration No.: 2007-002
    Nationwide Legal, LLC
    901 W. Civic Center Drive, Suite# 190
    Santa Ana, CA 92703
    (714) 558-2300
    Ref: CA-21-117390

At the time of service, I was at least 18 years of age. I
declare under penalty of perjury that the foregoing is
true and correct.

Dated:  November 15, 2021.

Signature: 

                           John Thibodeaux

UD92531

CM-010

| ATTORNEY OF PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| **McCarthy & Holthus LLP**<br>Melissa Robbins Coutts Esq. SBN 246723<br>Deborah A. Boyd, Esq. SBN 136296<br>2763 Camino Del Rio S, Suite 100<br>San Diego, CA 92108          CA-21-117390<br>TELEPHONE NO.:                    FAX NO.:<br>(619) 243-3960                    (619) 785-3253<br>ATTORNEY FOR *(Name):* Federal National Mortgage Association, its assignees<br>and/or successors | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Placer<br>02/23/2022 at 12:49:14 PM<br>By: Cristina Vallan-Brown<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER**
STREET ADDRESS:     10820 Justice Center Drive,
MAILING ADDRESS:
CITY AND ZIP CODE:   Roseville 95678
BRANCH NAME:

CASE NAME: Federal National Mortgage Association, its assignees and/or
successors v. Cheyanne Robinson, and DOES 1-10, inclusive

| CIVIL CASE COVERSHEET | Complex Case Designation | CASE NUMBER: | |
|---|---|---|---|
| ☐ **Unlimited** ☒ **Limited**<br>(Amount demanded     (Amount demanded<br>exceeds $25,000)      is $25,000 or less) | ☐ **Counter**   ☐ **Joiner**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: | M-CV-0081009 |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| ☐ Uninsured Motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities Litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☒ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
  b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states or counties, or in a federal court.
  c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial post-judgment judicial supervision
3. Type of remedies sought *(check all that apply):* a. ☐ monetary      b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐punitive
4. Number of causes of action *(specify):* 1 (One)
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 2/23/2022

                                                      ►
Melissa Robbins Coutts Esq.
        (TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under the rule 3.400 et sec. Of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to this action or proceeding.
- Unless this is a collections case under 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Standards of Judicial Administration, std. 310<br>*www.courtinfo.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) (*if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
         Wrongful Death
   Product Liability (*not asbestos or
      toxic/environmental*) (24)
   Medical Malpractice (45)
      Medical Malpractice–
         Physicians & Surgeons
      Other Professional Health Care
         Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip
         and fall)
      Intentional Bodily Injury/PD/WD
         (e.g., assault, vandalism)
      Intentional Infliction of
         Emotional Distress
      Negligent Infliction of
         Emotional Distress
      Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business
      Practice (07)
   Civil Rights (e.g., discrimination,
      false arrest) (*not civil
      harassment*) (08)
   Defamation (e.g., slander, libel)
      (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
         (*not medical or legal*)
   Other Non-PI/PD/WD Tort (35)
**Employment**
   Wrongful Termination (36)
   Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease
         Contract (*not unlawful detainer
            or wrongful eviction*)
      Contract/Warranty Breach–Seller
         Plaintiff (*not fraud or negligence*)
      Negligent Breach of Contract/
         Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections
         Case
   Insurance Coverage (*not provisionally
      complex*) (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute
**Real Property**
   Eminent Domain/Inverse
      Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property (*not eminent
         domain, landlord/tenant, or
         foreclosure*)
**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) (*if the case involves illegal
      drugs, check this item; otherwise,
      report as Commercial or Residential*)
**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
         Case Matter
      Writ–Other Limited Court Case
         Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
         Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims
      (*arising from provisionally complex
      case type listed above*) (41)
**Enforcement of Judgment**
   Enforcement of Judgment (20)
      Abstract of Judgment (Out of
         County)
      Confession of Judgment (*non-
         domestic relations*)
      Sister State Judgment
      Administrative Agency Award
         (*not unpaid taxes*)
      Petition/Certification of Entry of
         Judgment on Unpaid Taxes
      Other Enforcement of Judgment
         Case
**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint (*not specified
      above*) (42)
      Declaratory Relief Only
      Injunctive Relief Only (*non-
         harassment*)
      Mechanics Lien
      Other Commercial Complaint
         Case (*non-tort/non-complex*)
      Other Civil Complaint
         (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
   Partnership and Corporate
      Governance (21)
   Other Petition (*not specified
      above*) (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
         Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late
         Claim
      Other Civil Petition

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** | **FOR COURT USE ONLY** |
| NAME: Melissa Robbins Coutts Esq.     STATE BAR NUMBER: 246721 | |
| FIRM NAME: McCarthy & Holthus, LLP | **ELECTRONICALLY FILED** |
| STREET ADDRESS: 2763 Camino Del Rio S, Suite 100 | Superior Court of California, |
| CITY: San Diego     STATE: CA     ZIP CODE: 92108 | County of Placer |
| TELEPHONE NO.: (619) 243-3960     FAX NO.: (619) 785-3253 | 02/23/2022 at 12:49:14 PM |
| E-MAIL ADDRESS: evictions@mccarthyholthus.com | By: Cristina Vallan-Brown |
| ATTORNEY FOR (name): Federal National Mortgage Association, its assignees and/or successors | Deputy Clerk |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**     PLACER |
|    STREET ADDRESS: 10820 Justice Center Drive |
|    MAILING ADDRESS: |
|    CITY AND ZIP CODE: Roseville, 95678 |
|    BRANCH NAME: Placer County Santucci Justice Center Courthouse |

| |
|---|
|     PLAINTIFF: Federal National Mortgage Association, its assignees and/or successors |
|     DEFENDANT: Cheyanne Robinson and DOES 1-10, inclusive |

| | |
|---|---|
| **PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS-UNLAWFUL DETAINER** | CASE NUMBER: M-CV-0081009 |

*All plaintiffs in unlawful detainer proceedings must file and serve this form. Filing this form complies with the requirement in Code of Civil Procedure section 1179.01.5(c).*
*Serve this form and any attachments to it with the summons.*
*If a summons has already been served without this form, then serve it by mail or any other means of service authorized by law.*
*If defendant has answered prior to service of this form, there is no requirement for defendant to respond to the supplemental allegations before trial.*

*To obtain a summons in an unlawful detainer action for nonpayment of rent on a residential property files before March 31, 2022, a plaintiff must verify that they applied for governmental rental assistance that was not granted, or that the tenancy began after September 30, 2021. (See item 3.)*

*To obtain a judgment in an unlawful detainer action for nonpayment of rent on a residential property, a plaintiff must verify that no rental assistance or other financial compensation has been received for the amount demanded in the notice or accruing afterward, and that no application is pending for such assistance. To obtain a default judgment, plaintiff must use Verification by Landlord Regarding Rental Assistance-Unlawful Detainer (form UD-120) to make this verification and provide other information required by statute.*

1. **PLAINTIFF** *(name each)*:
   Federal National Mortgage Association, its assignees and/or successors

   alleges cause of action in the complaint filed in this action against DEFENDANT *(name each)*:
   Cheyanne Robinson and DOES 1-10, inclusive

2. **Statutory cover sheet allegations** (Code Civ. Proc., § 1179.01.5(c))

   a. This action seeks possession of real property that is *(check all that apply)*:   [x] Residential   [ ] Commercial

       *(If "residential" is checked, complete items 3 and 4 and all remaining items that apply to this action. If only "commercial" is checked, no further items need to be completed except the signature and verification on page 5; a summons may be issued.)*

   b. This action is based, in whole or in part, on an alleged default in payment of rent or other charges.   [ ] Yes   [x] No

3. **Verifications required for issuance of summons–residential** (Code Civ. Proc., § 1179.11(a))

   a. Is this action based, in whole or in part, on a defendant's nonpayment of rent or other financial obligation during the period between March 1, 2020, and March 31, 2022?   [ ] Yes   [x] No

       *(If no is checked, no further items need to be completed except the signature and verification on page 5, and item 12 if the action is based in whole or in part on nonpayment of rent during some other time frame; a summons may be issued.)*

   b. Is this action on a tenancy that was initially established before October 1, 2021?   [ ] Yes   [ ] No

       *(If no is checked, the further items that need to be completed are the signature and verification on page 5, and items 10 or 11, and 12 if the action is based in whole or in part on nonpayment of rent; a summons may be issued. (See Code Civ. Proc., § 1179.09(h) to learn more about what "initially established" means.)*

---

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>UD-101 [Rev. October 1, 2021] | **PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS-UNLAWFUL DETAINER** | Code of Civil Procedure, § 1179.01 et seq.<br>*www.courts.ca.gov* |

**UD-101**

| | |
|---|---|
| PLAINTIFF:   Federal National Mortgage Association, its assignees and/or successors | CASE NUMBER |
| DEFENDANT:   Cheyanne Robinson and DOES 1-10, inclusive | M-CV-0081009 |

3.   c.   *If you answered yes to questions 3a and 3b above, you must check either (1) or (2) below, or a summons may not be issued.*

   (1)   ☐ Before filing the complaint in this action, plaintiff applied for governmental rental assistance to cover the rent or other financial obligations demanded in this action, but the application was denied **and** a copy of a final decision denying the assistance is attached.

   *Note that a "final decision" does not include rejection based on plaintiff not completing the application or doing so correctly, notification that the application is pending further action, or notification that plaintiff or defendants applied to the wrong government agency. (Code Civ. Proc., § 1179.09(d).)*

   **or**

   (2)   ☐ Before filing the complaint in this action, plaintiff completed an application for governmental rental assistance to cover the rent or other financial obligation demanded in this action, including all the required contact information and documentation, **and all** of the following are true:

   (a)   At least 20 days have passed since the *later* of either *(check one)*:

   ☐ The date the plaintiff submitted the completed application, or

   ☐ The date the plaintiff served the tree-day notice underlying the complaint.
   **and**

   (b)   Plaintiff has not received any notice from the governmental agency to which defendant has applied for governmental rental assistance to cover the rent or other financial obligations demanded from the defendant in this action.
   **and**

   (c)   Plaintiff has not received a communication from the defendant that defendant has applied for governmental rental assistance to cover the rent or other financial obligations demanded from the defendant in this action.

4.   **Tenants subject to COVID-19 Tenant Relief Act** (Code Civ. Proc., § 1179.02(h))

   a.   (1) One or more defendants in this action is a natural person:   ☐ Yes   ☐ No

   (2) Identify as any defendant not a natural person:

   *(If no is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent.)*

   b.   (1) All defendants named in this action maintain occupancy as described in Civil Code section 1940(b).   ☐ Yes   ☐ No

   (2) Identify any defendant who does not:

   *(If yes is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent.)*

5.   ☐ **Unlawful detainer notice expired before March 1, 2020**

   *The unlawful detainer complaint in this action is based solely on a notice to quit, to pay or quit, or to perform covenants or quit, in which the time period specified in the notice expired before March 1, 2020. (If this is the only basis for the action, no further items need to be completed except the signature and verification on page 5. (Code Civ. Proc., § 1179.03.5(a)(1).))*

6.   ☐ **Rent or other financial obligations due between March 1, 2020, and August 31, 2020 (protected time period)**

   *The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due in the protected time period. (Check all that apply.)*

   a.   ☐ Defendant *(name each)*:

   was provided all the required versions of the "Notice from the State of California" required by Code of Civil Procedure section 1179.04. *(Provide information regarding service of the notice or notices in item 8 below.)*

   b.   ☐ Defendant *(name each)*:

   was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19-related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(b) and (d).

   *(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

   *(If filing form UD-100 with this form and item 6b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS-UNLAWFUL DETAINER**

| | | UD-101 |
|---|---|---|
| PLAINTIFF: Federal National Mortgage Association, its assignees and/or successors | CASE NUMBER | M-CV-0081009 |
| DEFENDANT: Cheyanne Robinson and DOES 1-10, inclusive | | |

6. c. **Response to notice** *(check all that apply)*:

    (1) ☐ Defendant *(name each)*:

        delivered a declaration of COVID-19-related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

    (2) ☐ Defendant *(name each)*:

        did *not* deliver a declaration of COVID-19-related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

7. ☐ **Rent of other financial obligations due between September 1, 2020, and September 30, 2021 (the transition time period)** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the transition time period.

    a. ☐ Defendant *(name each)*:

        was provided all the required versions of the "Notice from the State of California" as required by Code of Civil Procedure section 1179.04. *(Provide information regarding service of the notice or notices in item 8 below.)*

    b. ☐ Defendant *(name each)*:

        was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19-related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(c) and (d).

        *(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

        *(If filing form UD-100 with this form and item 7b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

    c. **Response to notice** *(check all that apply)*:

        (1) ☐ Defendant *(name each)*:

            delivered a declaration of COVID-19-related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

        (2) ☐ Defendant *(name each)*:

            did *not* deliver a declaration of COVID-19-related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).))

    d. ☐ Rent of other financial obligations due:

        (1) Rent or other financial obligations in the amount of $ _____ was due between September 1, 2020, and September 30, 2021.

        (2) Payment of $ _____ for that period was received by September 30, 2021.

8. **Service of Code of Civil Procedure Section 1179.04 Notice from the State of California** *(You must complete this item if you checked item 6 or 7 above.  Section 1179.04 provides three separate versions of a "Notice from the State of California" that the landlord was to provide to tenants at different times during the pandemic (the notices referenced in item 6a and 7a above).  This item addresses when and how those notices were provided.)*

    a. **September 2020 Notice.** Plaintiff provided the required notice for tenants who, as of September 1, 2020, had any unpaid rent or other financial obligations due any time between March 1, 2020, and August 31, 2020 (Code Civ. Proc., § 1179.04(a)), to defendants identified in 6a or as follows:

        (1) ☐ By sending a copy by mail addressed to each named defendant on *(date)*: .

        (2) ☐ By personally handing a copy to each named defendant on *(date)*: .

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS-UNLAWFUL DETAINER**

| PLAINTIFF: | Federal National Mortgage Association, its assignees and/or successors | CASE NUMBER | M-CV-0081009 |
|---|---|---|---|
| DEFENDANT: | Cheyanne Robinson and DOES 1-10, inclusive | | |

8.  a.  (3) ☐ By some other method of service described in Code of Civil Procedure section 1162. *(If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8a.)*

   (4) ☐ In different ways for different defendants. *(If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8a.)*

   (5) ☐ Plaintiff was not required to serve the September 2020 notice on the named defendants.

   b.  **February 2021 Notice.** Plaintiff provided the required notice for tenants who as of February 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(b)) to defendants identified in 6a and 7a as follows:

   (1) ☐ By sending a copy by mail addressed to each named defendant on *(date)*:                          .

   (2) ☐ By personally handing a copy to each named defendant on *(date)*:                          .

   (3) ☐ By some other method of service described in Code of Civil Procedure section 1162. *(If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8b.)*

   (4) ☐ In different way for different defendants. *(If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8b.)*

   (5) ☐ Plaintiff was not required to serve the February 2021 notice on the named defendants.

   c.  **July 2021 Notice.** Plaintiff provided the required notice for tenants who as of July 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(c)) to defendants identified in 6a and 7a as follows:

   (1) ☐ By sending a copy by mail addressed to each named defendant on *(date)*:                          .

   (2) ☐ By personally handing a copy to each named defendant on *(date)*:                          .

   (3) ☐ By some other method of service described in Code of Civil Procedure section 1162. *(If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8c.)*

   (4) ☐ In different ways for different defendants. *(If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8c.)*

   (5) ☐ Plaintiff was not required to serve the July 2021 notice on the named defendants.

9. ☐ **High-income tenant.** The 15-day notice in item 6b or 7b above identified defendant as a high-income tenant and requested submission of documentation supporting the tenant's claim that tenant had suffered COVID-19-related financial distress. Plaintiff had proof before serving that notice that the tenant has an annual income that is at least 130 percent of the median income for the county the rental property is located in and not less than $100,000. (Code Civ. Proc., § 1179.02.5.)

   a. ☐ The tenant did not deliver a declaration of COVID-19-related financial distress within the required time. (Code Civ. Proc., § 1179.03(f).)

   b. ☐ The tenant did not deliver documentation within the required time supporting that the tenant had suffered COVID-19-related financial distress as asserted in the declaration. (Code Civ. Proc., § 1179.02.5(c).)

10. ☐ **Rent or other financial obligations due between October 1, 2021, and March 31, 2022 (recovery period rental debt).** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the recovery period. *(Check a or b.)*

   a. ☐ Defendant *(name each)*:

   Was served with at least 3 days' notice to pay rent or other financial obligations or quit, in a notice that included the name, website address, and phone number of the governmental rental assistance program for the locality in which the property at issue is located, as well as all other content required by Code of Civil Procedure section 1179.10.

   *(If filing form UD-100 with this for and this item is checked, specify this notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

   b. ☐ Plaintiff has checked no in item 3b and the special notice to quit required by Code of Civil Procedure section 1179.10 does not apply in this action.

| PLAINTIFF: | Federal National Mortgage Association, its assignees and/or successors | CASE NUMBER | |
|---|---|---|---|
| DEFENDANT: | Cheyanne Robinson and DOES 1-10, inclusive | | M-CV-0081009 |

11. ☐ **Rent or other financial obligations due after March 31, 2022.** *(Only applicable if action is filed on or after April 1, 2022.)* The only demand for rent or other financial obligations on which the unlawful detainer complaint in this action is based is a demand for payment of rent due after March 31, 2022.

12. ☐ **Statements regarding rental assistance** *(Required in all actions based on nonpayment of rent or any other financial obligation. Plaintiff must answer all the questions in this item and, if later seeking a default judgment, will also need to file Verification Regarding Rental Assistance-Unlawful Detainer (form UD-120).)*

 a. Has plaintiff received rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? ☐ Yes ☐ No

 b. Has plaintiff received rental assistance or other financial compensation from any other source for rent accruing *after* the date of the notice underlying the complaint? ☐ Yes ☐ No

 c. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? ☐ Yes ☐ No

 d. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source for rent accruing after the date on the notice underlying the complaint? ☐ Yes ☐ No

13. ☐ **Other allegations** Plaintiff makes the following additional allegations: *(State any additional allegations below, with each allegation lettered in order, starting with (a), (b), (c) etc. If there is not enough space below, check the box below and use form MC-025, title it Attachment 13, and letter each allegation in order.)* ☐ Other allegations are on form MC-025.

14. ☒ Number of pages attached *(specify):* 1 - Verification

Date:  February 23, 2022

Melissa Robbins Coutts Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY))

### VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE)

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS-UNLAWFUL DETAINER**

**VERIFICATION**

STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

I have read the foregoing PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS – UNLAWFUL DETAINER and know its contents.

I am one of the attorneys for Federal National Mortgage Association, its assignees and/or successors, a party to this action. The officer responsible of such party is absent from the county aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I have read the foregoing document and I am informed and believe that the matters therein to be true, and on that ground, allege that the matters stated therein are true.

Executed on February 23, 2022 in San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____

Melissa Robbins Coutts, Esq. SBN 246723

CA-21-117390

PLACER COUNTY, PLACER COUNTY SANTUCCI JUSTICE CENTER COURTHOUSE DISTRICT

# STATEMENT OF LOCATION

| PLAINTIFF:<br>Federal National Mortgage<br>Association, its assignees and/or<br>successors | DEFENDANT:<br>Cheyanne Robinson, and DOES<br>1-10, inclusive | CASE NUMBER:<br><br>M-CV-0081009 |
|---|---|---|

<table>
<tr><td colspan="2" align="center">INSTRUCTIONS</td></tr>
<tr><td>1.</td><td>Check <b>ONE</b> of the following statements to indicate the basis for filling the case in this judicial district, and filling the address below. <b>Except for cases arising from accidents occurring on a freeway, you must provide the exact street address, including city and ZIP code.</b></td></tr>
<tr><td>2.</td><td>There are 24 separate, independent municipal court judicial districts in Los Angeles County. Except in San Diego County, no city can lie on more than one judicial district. (Cal. Const., art. VI, §5.) <b>WARNING: Many residences and businesses have mailing addresses for one city but actually lie in another city or in unincorporated territory, which many lie in another judicial district. Do not rely on mailing addresses; always check a street guide or map.</b></td></tr>
<tr><td>3.</td><td>After completion, attach this form to the back of your complaint.</td></tr>
</table>

| EXACT STREET ADDRESS:<br>620 Schroeder Ln. | CITY:<br>Colfax | ZIP CODE:<br>95713 |
|---|---|---|

☐ 1. The cause of action arose in this judicial district. The address of the cause of action is stated above.

☒ 2. The property that is the subject of this action is located in this judicial district. The address of the property is stated above.

☐ 3. The tort occurred in this judicial district. The address where the tort occurred is stated above.

☐ 4. The contract was entered into in this judicial district; or a defendant resided in this judicial district when the contract was entered into; or the contract or obligation was to be performed in this judicial district; or, if the defendant is a corporation, the contract was breached on this judicial district. The address where the contact was entered into, where the defendant resided when the contract was entered into, where the contract or obligation was to be performed, or where the contract was breached is stated above.

☐ 5. A defendant resides in this judicial district, or a defendant corporation or unincorporated association has its principal place of business in this judicial district. The address of the residence or principal place of business of the defendant is stated above.

☐ 6. The cause of action is on a retail installment account or contract subject to Civil Code section 1812.10, and the goods purchased pursuant to that account or contract are affixed to real property (so as to become part of the real property) that is located on this judicial district. The address of the real property is stated above.

☐ 7. The cause of action is on a vehicle finance sale subject to Civil Code section 2984.4, and the vehicle is permanently garaged on this judicial district. The address where the vehicle is garaged is stated above.

☐ 8. The defendant is a city or local agency located on this judicial district.

<table>
<tr><td colspan="3" align="center">I declare under penalty of perjury, under the laws of the State of California,<br>that the foregoing is true and correct.</td></tr>
<tr><td>DATE:<br>2/23/2022</td><td>TYPE OR PRINT NAME OF PARTY OR ATTORNEY:<br><br>Melissa Robbins Coutts Esq.</td><td>SIGNATURE OF PARTY OR ATTORNEY:</td></tr>
</table>

PLACER, County Recorder
RYAN RONCO
DOC- 2020-0135949-00
CREDIT CARD
FRIDAY, NOV 20, 2020 03:45 PM
MIC    $3.00 | AUT    $16.00 | SBS    $15.00
ERD    $1.00 | SB2    $75.00 | REC    $24.00
ADD    $0.00

Ttl Pd    $134.00    Rcpt # 02964219
                              CLKBZPK9T2/KJ/1-16

RECORDING REQUESTING BY

**W1 Holdings**

WHEN RECORDED SEND TO

Name:    **W1 HOLDINGS, LLC**
            **C/O West 1 Equity**
Address:  **1017 L St., NO 485**
City, State: **Sacramento, CA 95814**

Escrow No.:

Title Order No.:

_____SPACE ABOVE THIS LINE FOR RECORDERS USE ONLY_____

## MEMORANDUM OF LEASE

This Memorandum of Lease ("Memorandum") dated, November 20, 2020 represents the entire agreement of the parties on the subject matter hereof and shall supersede any and all previous leases, contracts, arrangements or understandings. The "Lease Rental Agreement" is attached hereto as Exhibit "A" and is incorporated by reference herein for all purposes.

PLEASE TAKE NOTICE the recordation of this Memorandum serves to notice of the Lease Rental Agreement, and obligates "a duty to make inquiry [which] may arise from matters appearing on the public record"[1] or from some visible state of affairs inconsistent with the vendors rights."[2] That duty may also arise from either constructive or actual knowledge of a claim of another,[3] of pending litigation, or of a judgment concerning the property.[4]

PLEASE TAKE NOTICE that the "Initial Lease Term" is for a term of five (5) years and will commence on November 20, 2020. Resident shall have the right to extend the instant Lease for up to one (1) additional ten (10) year term. This Memorandum is solely for the purpose of giving constructive notice of the Lease. In the event of a conflict between the terms of the Lease Rental Agreement and this Memorandum, the terms of the Lease Rental Agreement shall control.

IN WITNESS WHEREOF, Landlord has executed the Memorandum with acknowledgment on date indicated herein above.

LANDLORD:                          W1 HOLDINGS, LLC

                                   By: _____
                                   Donald Hubbard, Principal

---

[1] See, Cal. Code Civ. Proc. §§ 678 to 654
[2] See, *Schumacher v Truman*, 134 Cal., 430, 66 P.591 (1901); *Wallace v. Williams*, 156 Cal. App. 2d 646, 320 P.2d 211 (3rd Dist. 1958); *Johnson v. Cella*, 122 Cal. App.2d 72, 264 P.2d 98 (3rd Dist. 1953)
[3] See, *Williams v Miranda*, 159 Cal. App. 2d, 143, 323 P.2d
[4] Cal. Code Civ. Proc. §632

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT

> A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Placer- Sacramento

On __11/20/2020__ , before me, __Samantha Porter, Notary Public__ ,
Notary Public, personally appeared __Donald Hubbard__

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of State of California that the foregoing paragraph is true and correct.

> SAMANTHA PÖRTER
> NOTARY PUBLIC - CALIFORNIA
> COMMISSION # 2164577
> FRESNO COUNTY
> My Comm. Exp. September 12, 2020

WITNESS my hand and official seal.

"The Notary Commission
extended Pursuant to Executive
Order N-63-20."

SIGNATURE: _Samantha Porter_

PLACE NOTARY SEAL ABOVE

The information below is not required by law, but it may prove valuable to persons relying on the indicated document and could also help mitigate or prevent fraudulent conduct related to this document.

Description/Title of Notarized Document: __memo of lease__

Document Date: __11/20/20__    Number of Pages, Including Notary Page: __11__

# EXHIBIT A

## LIMITED POWER OF ATTORNEY

In RE: 620 Schroeder Lane, Colfax, CA 95713, A.P.N. 100-070-004

# EXHIBIT: A

# LEASE RENTAL AGREEMENT
### 620 Schroeder Lane, Colfax, CA 95713

This superceding Lease Rental Agreement ("Agreement") shall evidence the complete terms and conditions under which the parties whose signatures appear below have agreed. For consideration detailed herein this Agreement, W1 Holdings, LLC ("Landlord") by and through its legal interest in the Property and under its power of attorney (attached hereto and incorporated here by reference, See Exhibit A) hereby agrees to lease to Robinson ("Resident") of Placer County and Resident agrees to rent/lease from Landlord. The Resident and the Landlord can be referred to herein individually as a  "Party" and collectively as the "Parties".

**1. PROPERTY:** This Agreement pertains to the single family residence located at and commonly known as 620 Schroeder Lane, Colfax, CA 95713.

The Property is more particularly and legally described as follows: 2A FR SEC 34 15 9. A PARCEL OF LAND IN THE NORTHEAST QUARTER (NE 1/4) OF SECTION THIRTY-FOUR (34) TOWNSHIP FIFTEEN (15) NORTH, RANGE NINE (9) EAST, MDB&M, BEARS NORTH 19° 25' 52" WEST 1816.02 FEET; AND RUNNING THENCE ALONG WEST LINE OF BENJESTORF PROPERTY NORTH 1° 45 EAST 586.40 FEET TO A POINT ON THE WEST SIDE OF P.G.&E. DITCH THE FOLLOWING THREE COURSES AND DISTANCES: SOUTH 56° 17' WEST 101.96 FEET, SOUTH 3° 21' WEST 169.06 FEET, SOUTH 1° 45' WEST FROM THE POINT OF BEGINNING; THENCE NORTH 1° 45' EAST 148.44 FEET TO THE POINT OF THE BEGINNING. A.P.N. 100-070-004 ("Property")

This Agreement shall include and permit the full privilege and use of the Property at the time of this Agreement.

**2. PROPERTY ISSUES:** As of November 7, 2020 the Property remains heavily distressed and requires repairs inside and out. Landlord recognizes that the Property is two acres and a substantial amount of work and improvements are needed. Moreover, the Property is incorrectly detailed as a three (3) bedroom and three (3) bath single-family residence in the County Recorders Office: This is incorrect. The purported upstairs second [none-master] "bedroom", does not meet the legal requirements to be a bedroom (e.g., due to the placement of the egress window and the room lacks a closet.) Further, the purported third downstairs bathroom is on the exterior of the Property, is not functional and is riddled with code violations. The exterior bathroom is only a half bath but, moreover as stated above is riddled with code violations. The Property is actually a two (2) bedroom, two (2) bath single family residence. Landlord has prepared a report and video footage evidencing the aforementioned and needed repairs.

**3. RENTAL VALUE:** Prior to this Agreement, the Landlord procured a third party "Neighborhood" report which details the local area "rental rates" and specifically the average market rent for 95713 zip code. The average market rent indicated in the report for the 95713 zip code is $1,284. However, Landlord makes note that the market rent indicated is for a standard three (3) bedroom, two (2) bath single-family residence [not a two bedroom, two bath property]. As detailed the Property in this instance is heavily distressed, requires substantial repairs and those factors must be estimated into rent value.

PROPERTY IS HABITABLE BUT NOT THE PROPERTY IS NOT AS DETAILED IN PUBLIC RECORDS.  RESIDENT UNDERSTANDS AND AGREES THAT THE PROPERTY IS NOT CORRECTED DEFINED AND DETAILED WITHIN COUNTRY RECORDS. RESIDENT UNDERSTANDS AND AGREES TO OCCUPANCY AND POSSESSION WITHOUT ANY WARRANTY OR PROMISE OF REPAIRS BY LANDLORD.

RESIDENT FURTHER UNDERSTANDS AND AGREES TO OCCUPANCY AND POSSESSION IS DEEMED "AS IS".

# LEASE RENTAL AGREEMENT

620 Schroeder Lane, Colfax, CA 95713

RESIDENT AGREES THAT LANDLORD HAS FULLY DISCLOSED DEFECTS ANY KNOWN AND POSSIBLY UNKNOWN DEFECT AND ISSUES WITH THE PROPERTY.

**4. TERM:** This Agreement shall commence on November 20, 2020 and continue thereon for an initial term of five (5) years (to wit, the initial term expiration is November 20, 2025) ("Initial Leasing Term"). The Resident may at any time during this Agreement extend the length of this Agreement for an additional term, not to exceed ten (10) years ("Extended Leasing Term"). The request for the Extended Leasing Term must be requested in writing and delivered prior to the expiration of the Initial Leasing Term. Upon expiration of the Initial Leasing Term and the Extended Leasing Term the Agreement shall become a month-to-month tenancy.

**5. RENT PAYMENT:** In light of the aforementioned issues detailed under the headings "Property Issues" the Resident and Landlord agree that Resident that in observance of fair market rent that Resident shall pay, in advance $1,100 per month, on the 1st day of each month. Rent and/or any other charges are to be paid at such place or method designated by the Landlord as follows.

- a. All payments are to be made by check or money order and cash shall be acceptable;
- b. Landlord on behalf of the owner of record acknowledges receipt of the First Month's rent of $1,100 and a Security Deposit of ($500) and additional charges of $50 for keys for and credit history, for a total payment of $1,650 is due before possession is given;
- c. All payments are to be made payable to the Landlord, or its elected assigned; and
- d. Any and all work in lieu of rent must be noticed to the Landlord.
- e. Resident understands and thereon agrees that the Property is not a three (3) bedroom, three bath (3) property as detailed in county records;
- f. Resident understands and thereon agrees that the market rent indicated for the 95713 zip code is $1,284 but that is for a three (3) bedroom, two bath (2) property, (a.k.a., a standard size home); and
- f. Resident understands and thereon agrees that the rent indicated for the Property is $1,100 and that amount is fair, equitable, and in keeping with market rents.

RESIDENT UNDERSTANDS AND AGREES THAT THERE ARE KNOWN ISSUES WITH THE PROPERTY. RESIDENT AGREES IN EXCHANGE FOR A REDUCED RENT PAYMENT, REPAIRS SHALL BE CONDUCTED ON THE PROPERTY. RESIDENT WILL COOPERATE WITH LANDLORD IN THE SCHEDULING OF THESE REPAIRS AND GRANT LANDLORD ACCESS TO THE PROPERTY FOR WORK TO BE PERFORMED.

**6. WORK IN LIEU OF RENT:** Resident acknowledges that one of the purposes of this Agreement is ensure the Property does not become squatted. Resident further acknowledges that one of the purposes of this Agreement is ensure that the Property is to keep the cleaned-up, kept-up and maintained in an orderly fashion during its occupancy and possession. Landlord desires to have Resident complete renovation work on the Property and to ensure that the Property is properly maintained and cared for so that it is an asset to the community which consistent with community standards. In this vein if the Resident conducts improvements to the Property, Landlord and the owner of record are willing to discount rent. Landlord shall have the sole and exclusive right to approve or deny any proposed project. Projects must be approved prior to and complete prior to any reduction in rent.

A. <u>Assumption of The Risk.</u> The Resident is fully responsible at Resident sole risk and expense, for all operating expenses for the Property, including, but not limited to, utility bills, the water, NID water, electricity expenses, trash removal, pest control, grounds maintenance, preventative maintenance, day-to-day minor and major maintenance, tree trimming, tree removal (but only with Placer county consent), fence repair and/or replacement, repair or replacement of equipment

# LEASE RENTAL AGREEMENT

620 Schroeder Lane, Colfax, CA 95713

and security of the Property. As substantial consideration for the right to occupy the Property, Resident assumes, at Resident's exclusive risk and expense, full responsibility for the maintenance and repair of, including but not limited to, the building and equipment, fixtures, floors, walls, and the electrical systems.

B. Reporting to Landlord. Resident shall also provide the Landlord with receipts and a statement of the repair, renovation and maintenance work performed on the Property during the previous month. The Landlord shall review the repair, renovation and maintenance work proposed for the upcoming month and promptly advise the Resident whether any additional repair, renovation or maintenance is required during the upcoming return the Property to a good, safe condition or to protect the Property from damage or deterioration.

The Resident understands and thereon agrees that the Landlord is not responsible for, nor is it required to make, any repairs or to perform any maintenance upon the Property, except as legally required and/or expressly provided for herein. The Resident understands and thereon agrees that the purported owner of record is responsible for repairs.

**7. SECURITY DEPOSIT:** The total of the above deposits shall secure compliance with the terms and conditions of this agreement and shall be refunded to Resident within thirty (30) days after the Property has been completely vacated less any amount necessary to pay Landlord; a) any unpaid rent, b) cleaning costs, c) key replacement costs, d) cost for repair of damages to Property and/or common areas above ordinary wear and tear, and e) any other amount legally allowable under the terms of this agreement. A written accounting of said charges shall be presented to RESIDENT within thirty (30) days of move-out. If deposits do not cover such costs and damages, the Resident shall immediately pay said additional costs for damages to Landlord.

**8. LATE CHARGE:** A late fee of $100 shall be added and due for any payment of rent made after the tenth (10th) of the month. Any dishonored check shall be treated as unpaid rent, and subject to an additional fee of $100. Any dishonored check shall result in Resident paying future payments via secured funds.

**9. RENTAL INCREASES:** The Landlord shall sole and exclusive right to increase the monthly rent. Any increase in rent detailed herein shall not occur before November 20, 2022. Any increase in rent shall not exceed five percent (5%) percent of the operative rent. Under no circumstances shall rent increase over market values as determined solely and exclusively Landlord. Landlord shall at the time any proposed increase of rent use the same software used initial Neighbor Report detailed herein (viz., Property Radar).

**10. LANDLORD'S CONSIDERATION:** The landlord to serve for the full and complete term of this Agreement shall W1 Holdings, LLC or its elect ("Landlord"). The Landlord shall receive a nominal rate for its services. The Landlord shall receive ten percent (10%) of any and all rents on the Property, plus any additional consideration for any emergency services provided to the Resident by Landlord. This Agreement and this clause shall survive any change of ownership.

**11. UTILITIES:** Landlord agrees to advance payment of all utilities and/or services based upon occupancy of the Property. If the Landlord and/or Resident pays for any services the Resident and/or Landlord shall be reimbursed by the purported owner of record.

//

# LEASE RENTAL AGREEMENT

620 Schroeder Lane, Colfax, CA 95713

**12. OCCUPANTS:** Guest(s) staying in the Property for more than fourteen (14) consecutive days, or a total of more than sixty (60) days in any 12 month period, are considered a resident. If done so without the consent of Landlord shall be considered a breach of this agreement. This Agreement is intended for the Resident and the individuals and/or animals, and no others. No others shall occupy the subject Resident for more than sixty (60) days in any twelve (12) month period unless the expressed written consent of Landlord is obtained in advance.

**13. PETS:** This is a pet friendly Property. Landlord understands that this is a rural property and therefore permits outdoor pets and animals. Permitted animals include but are not limited to cats, dogs, pigs, goats, rabbits, chickens or other fowl, fish, and/or certain reptiles. Any and all animals must be prior approved by Landlord. Under no circumstances shall "zoo animals" be permitted at the Property. Under no circumstances shall horses and cattle be permitted at the Property nor shall any animal be at the Property that is prohibited by the county of Placer. Resident shall comply any and all local and state law as to the type of animals and number of animals that are at the Property. The Landlord shall have sole and exclusive determination as to which animals are to be permitted at the Property. Resident shall have prior permission to having animals at the Property. If such consent is granted, that consent shall be revocable at the sole and exclusive option of Landlord and upon giving a thirty (30) day written notice to the Resident. An additional deposit in the amount of $250 shall be required if pets are be kept at the Property. Landlord advises Resident to carry insurance to cover possible liability and damages that may be caused by such animals.

**14. TERMINATION:** If Resident elects to move from the Property prior to the expiration of this time period and without a prior written thirty (30) day notice, Resident shall be liable for two months rent. However, if the Property can be occupied by a qualified resident for the remainder and/or expiration of said Lease Period then the two months rent due for early termination shall be deemed waived. The Landlord shall have full and exclusive right to determine a qualified candidate.

**15. LITIGATION:** Resident understands and thereon acknowledges that Landlord has attempted on several occasions to resolve the purported mortgage arrearage on the Property. Landlord has informed the Resident that it intends to continue to seek a resolution to the benefit of the owners of record and the purported note holder. Landlord has informed the Resident that resolving the purported mortgage and claimed arrears will likely require litigation and that litigation of this nature could take years to resolve, or adjudicate.

RESIDENT UNDERSTANDS AND AGREES THAT THERE IS ARE IMPENDING LAWSUITS AND MULTIPLE LEGAL ISSUES WITH THE PROPERTY. LANDLORD PRAYS FOR A MUTUALLY BENEFICIAL RESOLUTION WITH THE PURPORTED NOTE HOLDER. NOTWITHSTANDING CALIFORNIA STATE LAW AND FEDERAL LAW ENTITLE TENANTS FORECLOSURE PROTECTION. STATE LAW AND FEDERAL LAW STATE THAT IF A PROPERTY IS FORECLOSED UPON THE LEASE SHALL SURVIVE THE FORECLOSURE.

NOTWITHSTANDING LANDLORD AGREES TO DEFEND RESIDENT IN THE UNLIKELY EVENT OF AN UNLAWFUL DETAINER ACTION ("EVICTION") IF THE PROPERTY IS FORECLOSED UPON AND THE NEW OWNER FAILS TO HONOR THE LEASE AND/OR THE LEASE TERM.

**16. RECORDING:** California's Statute of Frauds requires a lease to be in writing if it has a term longer than one year. A lease (or memorandum thereof summarizing key provisions) should be recorded in the official public records of the county in which the leased premises are situated. If a lease term exceeds one year and the lease is properly recorded, the recording shall serve to give notice of long-term possession and of the tenant's on-going tenancy to a[ny] purported bona fide purchaser for value. The recordation of

# LEASE RENTAL AGREEMENT

### 620 Schroeder Lane, Colfax, CA 95713

this Agreement shall serve as notice and protect the Resident under the Landlord Protecting Tenants at Foreclosure Act of 2009 (PTFA). Notwithstanding, the Landlord shall continue to seek a mutually acceptable mortgage workout, or short payoff with the purported note holder.

**17. PARKING:** Resident obligates itself to the rules and regulations of the community of Colfax and its parking rules and regulations. Resident understands there is no paved parking area/spaces is at the Property. The parking area/shall be used exclusively for parking of passenger automobiles and/or those vehicles approved by the Landlord.

**18. LIQUID FILLED FURNISHINGS:** No liquid filled furniture, receptacle containing more than 100 gallons of liquid are permitted at the Property whatsoever.

**19. NOISE:** Resident agrees not to cause or allow any noise or activity on the Property which might disturb the peace and quiet of any another resident and/or neighbor.

**20. DESTRUCTION OF PROPERTY:** If the Property become totally or partially destroyed during the term of this Agreement so that Resident's use is seriously impaired, Landlord or Resident may terminate this Agreement immediately upon three day written notice to the other.

**21. CONDITION OF PROPERTY:** Resident acknowledges that the Resident has had the opportunity to examine the premises and that said premises, all furnishings, fixtures, furniture, plumbing, heating, electrical facilities, all items listed on the attached property condition checklist, if any, and/or all other items provided by Landlord are in good satisfactory condition except as may be indicated elsewhere in this Agreement. Resident understands that the purported owners have left a considerable amount of belongings and those belongings will be stored by the Landlord for a period of time, or disposed of. Resident is asked not to damage or remove any personal effects of the purported owner of record. Resident agrees to keep the premises and all items in good order and good condition and to immediately pay for costs to repair and/or replace any portion of the above damaged by Resident, his guests and/or invitees, except as provided by law.

At the termination of this Agreement, all of the above items in this provision shall be returned to Landlord in clean and good condition except for reasonable wear and tear and the premises shall be free of all personal property and trash not belonging to Landlord. It is agreed that all dirt, holes, tears, burns, and stains of any size or amount in the carpets, drapes, walls, fixtures, and/or any other part of the premises, do not constitute reasonable wear and tear.

**22. ALTERATIONS:** Resident shall not paint, wallpaper, alter or redecorate, change or install locks, install antenna or other equipment, screws, fastening devices, large nails, or adhesive materials, place signs, displays, or other exhibits, on or in any portion of the premises without the written consent of the Landlord except as may be provided by law.

**23. PROPERTY MAINTENANCE:** Resident shall deposit all garbage and waste in a clean and sanitary manner into the proper receptacles and shall cooperate in keeping the garbage area neat and clean. Resident shall be responsible for disposing of items of such size and nature as are not normally acceptable by the garbage hauler. Resident shall be responsible for keeping the kitchen and bathroom drains free of things that may tend to cause clogging of the drains.

**24. LOCAL ORDINANCES:** Resident shall comply with all local ordinances, including those which are deemed part of this Agreement and thus, incorporated by reference.

# LEASE RENTAL AGREEMENT

620 Schroeder Lane, Colfax, CA 95713

**25. CHANGE OF TERMS:** The terms and conditions of this agreement cannot be changed or altered without mutual assent. Any changes are subject to laws in existence at the time of the Notice of Change of Terms.

**26. TERMINATION:** After expiration of the Leasing Term, this Agreement is automatically renewed from month to month, but may be terminated after the expiration of the Leasing Term by either Party giving to the other a 30-day written notice of intention to terminate. The Property shall be considered vacated only after all living areas are clear of all Resident's belongings, and keys and other property furnished for Resident's use are returned to Landlord.

**27. POSSESSION:** If Landlord is unable to deliver possession of the residence to Residents on the agreed date, because of the belongings left by owner of record or for any other reason, the Resident agrees that this Agreement shall still be effective and binding upon the Parties. If neither party cancels, this Agreement shall be prorated and begin on the date of actual possession. Further Resident can and is encouraged to start work upon the Property and Landlord shall apply rental credit for work conducted under this Agreement.

**28. INSURANCE:** Resident acknowledges that Landlords insurance does not cover personal property damage caused by fire, theft, rain, war, acts of God, acts of others, and/or any other causes, nor shall Landlord be held liable for such losses. Resident is hereby advised to obtain its own insurance policy to cover any personal losses.

**29. RIGHT OF ENTRY AND INSPECTION:** Landlord may enter, inspect, and/or repair the premises at any time in case of emergency or suspected abandonment. Landlord shall give at minimum a 24 hours advance notice in writing and may enter for the purpose of showing the premises during normal business hours to prospective renters, buyers, lenders, for smoke alarm inspections, and/or for normal inspections and repairs. Landlord is permitted to make all alterations, repairs and maintenance that in Landlord's judgment is necessary to perform.

**30. SUBLEASE:** Resident upon Landlords approval shall have the ability to transfer, assign or sublet the premises or any part thereof. Notwithstanding anything in this Agreement the contrary, in the event at any time during the term of this Agreement (or extension thereafter) Resident desires to sublet the Property then Resident shall notify Landlord in writing not less than thirty (30) days in advance of the proposed sublease date, designating the identity of the prospective sublessee and the terms of the proposed sublease. Landlord shall be allowed thirty (30) days after receipt of Resident's notice within which to approve, or deny the proposed sublease. If after thirty days (30) Landlord fails to respond then the prospective sublessee and/or lease shall be deemed approved. In the event Landlord approves the sublease identified in Lessee's notice, all of the provisions this Agreement shall continue to be in full force and effect. Nothing contained herein shall be construed as a waiver by Landlord of any of its rights detailed herein and above. In the event Landlord approves a sublease, the sublessee may not subsequently sublease the Property, or any part thereof or assign its rights under the sublease to any other party. Resident agrees to reimburse Landlord for any reasonable direct costs incurred by Landlord in connection with Residents request to sublease the Property. To the extent Landlord approves a sublease, any rent paid by the sublessee that is in excess of the amount that would otherwise be due, arrears and owing from the Resident for such sublease space under the terms of this Lease, such excess amount shall be paid by Resident or sublessee to Landlord.

**31. PARTIAL INVALIDITY:** Nothing contained in this Agreement shall be construed as waiving any of the Landlord's or Residents rights under the law. If any part of this Agreement shall be in conflict with the law, that part shall be void to the extent that it is in conflict, but shall not invalidate this Agreement nor shall it affect the validity or enforceability of any other provision of this Agreement.

# LEASE RENTAL AGREEMENT

620 Schroeder Lane, Colfax, CA 95713

**32. NO WAIVER:** Landlord's acceptance of rent with knowledge of any default by Resident or waiver by Landlord of any breach of any term of this Agreement shall not constitute a waiver of subsequent breaches. Failure to require compliance or to exercise any right shall not be constituted as a waiver by Landlord of said term, condition, and/or right, and shall not affect the validity or enforceability of any provision of this Agreement.

**33. ATTORNEY FEES:** If any legal action or proceedings be brought by either Party of this Agreement, the prevailing party shall be reimbursed for all reasonable attorney's fees and costs in addition to other damages awarded.

**34. LIQUID DAMAGES CLAUSE:** If any purported new owner of record fails to honor this Agreement than that owner shall pay the Resident the pro rata balance of the lease term in the amount of rent that would have otherwise been paid by the Resident to the Landlord (e.g., if any purported subsequent owner of record fails to honor this Agreement and there are 48 month left in the Leasing Term, the new purported subsequent owner of record shall pay Resident the amount of $48,000 in damages.) If any purported subsequent owner of record fails to honor this Agreement, then the new purported owner of record shall pay Resident no less than $20,000 in damages. Further, if any purported subsequent owner of record fails to honor this Agreement, then the new purported owner of record shall pay Landlord no less than $20,000 in damages.

**35. ENTIRE AGREEMENT:** This Agreement constitutes the entire Agreement between Landlord and RESIDENT. No oral agreements have been entered into, and all modifications or notices shall be in writing to be valid.

**36. RECEIPT OF AGREEMENT:** The undersigned Resident/s have read and understand this Agreement and hereby acknowledge receipt of a copy of this Agreement.

**37. ADEQUATE CONSIDERATION:** The consideration received in connection with this Agreement is fair, adequate and substantial and consists only of the terms set forth in this Agreement.

**38. FINAL RENDERING:** The Agreement is the entire Agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. This Agreement cannot be changed orally or terminated orally. Any change or modification of this Agreement requires the express written consent of the Parties. Such consent must unequivocally indicate the Parties' intention to modify this Agreement.

**39. JURISDICTION:** The Agreement shall be deemed to have been executed and delivered within the State of California, Counties of Sacramento and Placer County, and the rights and obligations of the Parties shall be construed and enforced in accordance with, and governed by, the laws of the State of California, without regard to choice of law rules.

**40. SIGNED COPY:** A signed copy of the Agreement transmitted by facsimile machine, electronic mail or electronic signature will have the same force and effect as an original signature.

**41. COOPERATION & NEGOTIATION:** Each Party has cooperated in the drafting and preparation of the Agreement. Hence, in any construction to be made of the Agreement, the same shall not be construed against any Party.

# LEASE RENTAL AGREEMENT
### 620 Schroeder Lane, Colfax, CA 95713

**42. NUMBER OF PAGES:** The Agreement consists of eight (8) pages (including signature page) and is made and entered into as of the dates indicated below.

THE PARTIES HAVE READ AND FULLY UNDERSTAND THIS AGREEMENT AND EACH OF THE PROVISIONS OF THE AGREEMENT. THE PARTIES FULLY UNDERSTAND AND AGREE THAT THE PARTIES ARE GIVING UP SUBSTANTIAL RIGHTS IN CONNECTION WITH THIS AGREEMENT. THE PARTIES ACKNOWLEDGE THAT BY SIGNING THIS AGREEMENT THEY ARE GIVING UP THOSE SUBSTANTIAL RIGHTS.

THE PARTIES ACKNOWLEDGE THAT THEY ARE SIGNING THIS AGREEMENT FREELY AND VOLUNTARILY AND BY SIGNING THIS AGREEMENT THEY ARE BOUND BY THE TERMS AND CONDITIONS OF THE AGREEMENT.

Date 11-20-20

_____
Landlord Signature

DONALD D HUBBARD
Print Name

Date 11/20/2020

_____
Resident Signature

Robinson
Print Name

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California }

County of Sacramento }

On 11/20/2020 before me, _____ Samantha Porter, Notary Public _____
<span style="font-size:small">(Here insert name and title of the officer)</span>

personally appeared Donald Hubbard and Robinson, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public Signature                    (Notary Public Seal)

SAMANTHA PORTER
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2164577
FRESNO COUNTY
My Comm. Exp. September 12, 2020

**"The Notary Commission extended Pursuant to Executive Order N-63-20."**

---

## ADDITIONAL OPTIONAL INFORMATION

**DESCRIPTION OF THE ATTACHED DOCUMENT**

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

**CAPACITY CLAIMED BY THE SIGNER**
☐ Individual (s)
☐ Corporate Officer
_____
(Title)
☐ Partner(s)
☐ Attorney-in-Fact
☐ Trustee(s)
☐ Other _____

www.NotaryClasses.com 800-873-9865

### INSTRUCTIONS FOR COMPLETING THIS FORM

*This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they,- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

# Limited Power of Attorney

### In RE 620 Schroeder Lane, Colfax, CA 95713

We, Mr. Dustin Wise and Mrs. Katherine Wise (aka Katie Wise) of Placer County, hereby appoint W1 Holdings ("W1"), and its authorized agent, or there elected nominee, as the durable, true and lawful attorney-in-fact on behalf all things regarding the real property and its purported mortgage commonly known as 620 Schroeder Lane, Colfax, CA 95713 and legally known legally known as 2 A FR SEC 34 15, APN 100-070-004-000, [W1 Internal ID: 12F4A35] (herein, "Property") including the following: the above indicates entities and individuals are hereby authorized exercise or perform any act, power, duty, right or obligation that we may now have, or may acquire by legal right, the power or capacity to exercise or perform, in connection with, arising from or relating to acquiring, requesting verification and disputing any information in regards to purported mortgages, all occurrences as the Property mortgage and any/all monetary liens and any other liens and encumbrances, the chain of title, any and/or all purported liens, purported tax liability and any purported claimed debts and/or embraces against the Property, including the execution of any documents necessary to the dispute or validation the above indicated.

Assignment of Authority. I hereby grant to the attorneys-in-fact full power and authority to do, take, and perform each and every act or thing whatsoever necessary or proper to be done, in the exercise of any of the rights and powers granted in this instrument, as fully to all intents and purposes as I might or could do if personally present, with full power of substitution or revocation, and by this instrument I ratify and confirm whatever act or thing that my attorney-in-fact shall lawfully do or cause to be done by virtue of this durable power of attorney and the rights and powers granted by this instrument.

Effective Date. The rights, powers and authority of my attorney-in-fact as granted in this durable power of attorney shall commence and be in full force on the date of this instrument and such rights, powers and authority shall remain in full force and effect thereafter.

Durable Limited Power of Attorney. This instrument is to be construed and interpreted as a durable power of attorney. This durable power of attorney shall not be affected by disability of the principal, except as provided by statute. In witness, by signing this instrument I affirm all that is written above.

_____     _____     _____
Katherine Wise Signature                        PRINT FULL NAME                              Date

_____     _____     2/18/2020
Dustin Wise Signature                             PRINT FULL NAME                              Date

Acceptance by Agents. The undersigned is an authorized agent to W1 and hereby acknowledges this Limited Power of Attorney, and by such execution does hereby affirm that W1 does: (1) accept the appointment as agent for all this associated with the Property; (2) understands the rights, duties and responsibilities associated with this Limited Power of Attorney.

_____     _____     _____
W1 Holdings Agent Signature                   PRINT FULL NAME                              Date
Attorney-in-Fact

# Limited Power of Attorney
In RE 620 Schroeder Lane, Colfax, CA 95713

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT

> A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California  }
County of Placer     }

On _February 18, 2020_, before me, _Michael Romanishin_ Notary Public, personally appeared _Dustin Wise_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of State of California that the foregoing paragraph is true and correct.

MICHAEL ROMANISHIN
COMM. # 2145429
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
COMM. EXPIRES MARCH 6, 2020

WITNESS my hand and official seal.

SIGNATURE _____

PLACE NOTARY SEAL ABOVE

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Description of attached document**
Title or type of document: _Limited Power of Attorney_

_____

_____

Document Date:_____Number of Pages:_____

Signer(s) Other than Named Above:_____

# Limited Power of Attorney
## In RE 620 Schroeder Lane, Colfax, CA 95713

We, Mr. Dustin Wise and Mrs. Katherine Wise (aka Katie Wise) of Placer County, hereby appoint W1 Holdings ("W1"), and its authorized agent, or there elected nominee, as the durable, true and lawful attorney-in-fact on behalf all things regarding the real property and its purported mortgage commonly known as 620 Schroeder Lane, Colfax, CA 95713 and legally known legally known as 2 A FR SEC 34 15, APN 100-070-004-000, [W1 Internal ID: 12F4A35] (herein, "Property") including the following: the above indicates entities and individuals are hereby authorized exercise or perform any act, power, duty, right or obligation that we may now have, or may acquire by legal right, the power or capacity to exercise or perform, in connection with, arising from or relating to acquiring, requesting verification and disputing any information in regards to purported mortgages, all occurrences as the Property mortgage and any/all monetary liens and any other liens and encumbrances, the chain of title, any and/or all purported liens, purported tax liability and any purported claimed debts and/or embraces against the Property, including the execution of any documents necessary to the dispute or validation the above indicated.

**Assignment of Authority.** I hereby grant to the attorneys-in-fact full power and authority to do, take, and perform each and every act or thing whatsoever necessary or proper to be done, in the exercise of any of the rights and powers granted in this instrument, as fully to all intents and purposes as I might or could do if personally present, with full power of substitution or revocation, and by this instrument I ratify and confirm whatever act or thing that my attorney-in-fact shall lawfully do or cause to be done by virtue of this durable power of attorney and the rights and powers granted by this instrument.

**Effective Date.** The rights, powers and authority of my attorney-in-fact as granted in this durable power of attorney shall commence and be in full force on the date of this instrument and such rights, powers and authority shall remain in full force and effect thereafter.

**Durable Limited Power of Attorney.** This instrument is to be construed and interpreted as a durable power of attorney. This durable power of attorney shall not be affected by disability of the principal, except as provided by statute. In witness, by signing this instrument I affirm all that is written above.

| | | |
|---|---|---|
| _(signature)_ | Katherine M Wise | 2/18/20 |
| Katherine Wise Signature | PRINT FULL NAME | Date |

| | | |
|---|---|---|
| | | |
| Dustin Wise Signature | PRINT FULL NAME | Date |

**Acceptance by Agents.** The undersigned is an authorized agent to W1 and hereby acknowledges this Limited Power of Attorney, and by such execution does hereby affirm that W1 does: (1) accept the appointment as agent for all this associated with the Property; (2) understands the rights, duties and responsibilities associated with this Limited Power of Attorney.

| | | |
|---|---|---|
| _(signature)_ | _(signature)_ | 2/18/20 |
| W1 Holdings Agent Signature | PRINT FULL NAME | Date |
| Attorney-in-Fact | | |

# Limited Power of Attorney
## In RE 620 Schroeder Lane, Colfax, CA 95713

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT

> A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Placer

On _____, before me, _Cavelle Guffey_, Notary Public,

personally appeared _____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of State of California that the foregoing paragraph is true and correct.

CAVELLE GUFFEY
COMM. # 2267600
NOTARY PUBLIC-CALIFORNIA
PLACER COUNTY
My Comm. Expires NOV 18, 2022

PLACE NOTARY SEAL ABOVE

WITNESS my hand and official seal.

SIGNATURE _____

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Description of attached document**

Title or type of document: ___Limited Power of Attorney___

___In RE 620 Schroeder Lane, Colfax, CA 95713___

Document Date: ___N/A    3/13/2020___  Number of Pages: ___1___

Signer(s) Other than Named Above: ___Dustin Wise, WL _____ Agent___



PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

POSTAGE REQUIRED

**RECEIVED**

APR 11 2022

DC

ATTN ANY WEIGHT

**SFLL**
APR 12 2022
DALLAS

Federal National Mortgage Association
Attn. Stergios Theologides, Esq.
Executive Vice President & General Counsel
1100 15th St NW
Washington, DC 20005

Fᴀɴɴɪᴇ Mᴀᴇ

PS0000100014

EP14F May 2020
OD: 12 1/2 x 9 1/2

CKED INSURED

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

**UNITED STATES POSTAL SERVICE**

**US POSTAGE PAID**
$8.95
Retail

Origin: 95713
04/04/22
0516920713-04

**P**

**PRIORITY MAIL 2-DAY®**

EXPECTED DELIVERY DAY: 04/07/22

1 Lb 1.10 Oz

1006

C039

SHIP
TO:
1100 15TH ST NW
WASHINGTON DC 20005-1707

USPS TRACKING® #

9505 5156 1741 2094 3065 11

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuse may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service: May 2020; All rights reserved.